**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TESO LT, UAB, METACLUSTER LT, UAB, AND CODE200, UAB, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:20-cv-00073 |
| | § | |
| LUMINATI NETWORKS LTD. AND EMK CAPITAL LLP, | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**LUMINATI NETWORKS LTD.'S 12(B)(6) MOTION TO DISMISS COMPLAINT**

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF THE ISSUES TO BE DECIDED ........................................ 1

III. DEFENDANTS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(2) FOR
     LACK OF PERSONAL JURISDICTION OVER LUMINATI ........................... 2

   A.  Legal Standard for Personal Jurisdiction ........................................... 2

   B.  Defendants' Complaint Should Be Dismissed Under 12(b)(2), Because Defendants Do
       Not Allege Facts Supporting Personal Jurisdiction Over Luminati .................. 4

IV.  DEFENDANTS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(6) FOR
     FAILURE TO SATISFY THE PLEADING REQUIREMENTS ........................... 6

   A.  Legal Standard for Stating a Claim .................................................. 6

   B.  Plaintiffs' Claims That Rely Upon Luminati's Patent Enforcement Litigation Should Be
       Dismissed Under 12(b)(6) For Violating the Noerr-Pennington Doctrine ............ 7

       1.  The *Noerr-Pennington* Doctrine Provides Immunity to Plaintiffs' Claims (Counts
           I, III, IV, V, VI, VII and VIII) And Is A Basis For 12(b)(6) Dismissal ......... 7

       2.  Sham Litigation Is A Very Limited Exception to *Noerr-Pennington* That Does
           Not Apply Here ........................................................... 10

   C.  Plaintiffs' Unfair Competition Claim Should Be Dismissed Because It Fails to Satisfy
       the Pleading Requirements of 12(b)(6) and 12(e) .............................. 13

       1.  Plaintiffs' Lanham Act Claim for False Advertising Fails to Satisfy Its Pleading
           Requirements. ............................................................ 13

       2.  Plaintiffs' Unfair Competition Claim Under The Lanham Act Should Be
           Dismissed Under 12(b)(6), Because Plaintiffs Fail To Satisfy Their Pleading
           Requirements ............................................................. 16

   D.  Plaintiffs' Unfair Competition Claim Under Texas State Law Fails to Meet Its Pleading
       Requirements Under Texas Law And Should Be Similarly Dismissed .............. 18

   E.  Plaintiffs' False Patent Marking Claim Fails To Satisfy Pleading Requirements of
       12(b)(6) And Should Be Dismissed ........................................... 19

   F.  Plaintiffs' Tortious Interference with Existing Contract Claim Fails to Satisfy The
       Pleading Requirements And Should Be Dismissed Under 12(b)(6) ................ 21

   G.  Plaintiffs' Tortious Interference with Prospective Relations Claim Fails to Meet its
       Pleading Requirements. ..................................................... 22

   H.  Plaintiffs' Business Disparagement Claim Have Failed to Meet its Pleading
       Requirements and Should Be Dismissed Under Rule 12(b)(6). .................. 23

   I.  Plaintiffs' Defamation Claim Fails to Meet its Pleading Requirements. ......... 25

   J.  Plaintiffs Failed To Plead Sufficient Facts To Support The Claim of Conspiracy ..... 26

V.   CONCLUSION ..................................................................... 28

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*721 Bourbon, Inc. v. Willie's Chicken Shack, LLC,* No. 19-9069-WBV-MBN, 2020 U.S. Dist. LEXIS 20044 (E.D. La. Feb. 6, 2020) ................................................................. 12

*Accresa Health LLC v. Hint Health, Inc.*, Civil Action No. 4:18-cv-00536, 2020 U.S. Dist. LEXIS 90064 (E.D. Tex. May 22, 2020) ................................................................. 25

*Andra Grp., LP v. Bareweb, Inc.*, Civil Action No. 4:17-CV-00815, 2018 U.S. Dist. LEXIS 97378 (E.D. Tex. June 11, 2018) ................................................................. 16, 17

*Apicore US LLC v. Beloteca, Inc.*, No. 2:19-CV-00077-JRG, 2019 U.S. Dist. LEXIS 65858 (E.D. Tex. Apr. 17, 2019) ................................................................. 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 7, 17, 24, 26

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) ................................................................. 2

*Bartex Research, LLC v. FedEx Corp.*, No. 6:07-cv-385-LED-JDL, 2011 U.S. Dist. LEXIS 62107 (E.D. Tex. June 10, 2011) ................................................................. 12

*Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465 (5th Cir. 2008) ................................................................. 17

*Bedrock Comput. Techs. v. Yahoo! Inc.*, No. 6:09cv269-LED-JDL, 2011 U.S. Dist. LEXIS 171533 (E.D. Tex. Sep. 30, 2011) ................................................................. 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 17

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) ................................................................. 3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................. 4

*Butowsky v. Folkenflik*, Civil Action No. 4:18CV442, 2019 U.S. Dist. LEXIS 104297 (E.D. Tex. Apr. 17, 2019) ................................................................. 27

*C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340 (Fed. Cir. 1998) ................................................................. 11

*Caixa Geral de Depositos, S.A. v. Rodrigues*, No. 03-746 (MLC), 2005 U.S. Dist. LEXIS 24339 (D.N.J. June 29, 2005) ................................................................. 9

*Cedra Pharm. Houston, L.L.C. v. UnitedHealth Grp., Inc.*, 798 F.App'x 826 (5th Cir. 2020) .... 22

*Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373 (Fed. Cir. 2015) ................................................................. 2

*Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005) ................................................................. 20

*Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358 (5th Cir. 1983) ................................................ 9

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343 (Fed. Cir. 2014)........................................................................................................................... 8

*Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984)..................................................... 27

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................................... 3

*Directv, Inc. v. Alberts*, No. 1:03-CV-161, 2004 U.S. Dist. LEXIS 27250 (E.D. Tex. Mar. 2, 2004)......................................................................................................................... 19

*Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003)............................................... 2

*Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938 (E.D. Tex. 2011).......... 24

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) .................................. 20

*Experience Hendrix, L.L.C. v. HendrixLicensing.com, Ltd.*, 766 F. Supp. 2d 1122 (W.D. Wash. 2011).............................................................................................................................. 9

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)..................................... 12

*Fisher v. Halliburton*, 667 F.3d 602 (5th Cir. 2012) ......................................................... 8, 10, 23

*Gardner v. Clark*, 101 F. Supp. 2d 468 (N.D. Miss. 2000) .......................................................... 8

*Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-00358, 2020 U.S. Dist. LEXIS 110355 (E.D. Tex, June 24, 2020) ..................................................... 21

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).................................... 3

*Greenwood Utils. Com. v. Miss. Power Co.*, 751 F.2d 1484 (5th Cir. 1985) ................................ 8

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992)............................................................. 7

*Hanson v. Denckla*, 357 U.S. 235 (1958) ..................................................................................... 6

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011) ........................ 15, 16

*Helicopteros Nacionales de Colombia. v. Hall*, 466 U.S. 408 (1984)............................................ 3

*Homoki v. Conversion Servs.*, 717 F.3d 388 (5th Cir. 2013)........................................................ 27

*Hood v. Tenneco Texas Life Ins. Co.*, 739 F.2d 1012 (5th Cir. 1984) ......................................... 27

*Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799 (Tex. App. 2001) .......................................................................................................... 18

*In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011) ............................................ 21, 23

*In re Lipsky*, 460 S.W.3d 579 (Tex. 2015).................................................................................... 25

*Indus. Models v. SNF, Inc.*, 716 F.App'x. 949 (Fed. Cir. 2017)........................................ 7, 8, 9, 23

*Ingram v. United States*, 360 U.S. 672 (1959)............................................................................... 27

*Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667 (Tex. 1998) ......................................................... 27

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)........................................................................ 3

*Jackson v. Dallas Indep. Sch. Dist.*, Civil Action No. 3:98-CV-1079-D, 1998 U.S. Dist. LEXIS 10328 (N.D. Tex. July 2, 1998).......................................................................................... 25

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008) ............................................ 2

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)................................................................... 3

*Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 U.S. Dist. LEXIS 97361 (E.D. Tex. June 10, 2016)................................................................................................................................. 26

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) ........................................ 7

*Love Terminal Partners, L.P. v. City of Dallas, Tex.*, 527 F. Supp. 2d 538 (N.D. Tex. 2007) .... 10

*Luminati Networks Ltd. v. UAB Tesonet et al.*, Case No. 2:18-cv-299, ECF 351 (E.D. Tex. Apr. 8, 2020)................................................................................................................................. 26

*Main Hastings Llc v. Mettler Elecs. Corp.*, No. 4:10-CV-616, 2011 U.S. Dist. LEXIS 171865 (E.D. Tex. June 2, 2011) ...................................................................................................... 20

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018)............................. 3

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995 (Fed. Cir. 2018)....................... 4

*Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717 (5th Cir. 2013) ........................... 8, 9, 23

*Mission Trading Co. v. Lewis*, No. H-16-3368, 2017 U.S. Dist. LEXIS 181094 (S.D. Tex. July 31, 2017)................................................................................................................................. 18

*NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371 (Fed. Cir. 2017) ............................. 2, 3

*Pizza Hut Inc. v. Papa John's Int'l Inc.*, 227 F.3d 489 (5th Cir. 2000)........................................ 14

*Pressure Products Med. Supplies, Inc. v. Quan Emerteq Corp.*, No. 9:06-CV-121, 2008 U.S. Dist. LEXIS 144416 (E.D. Tex. May 16, 2008) ...................................................................... 10

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993) ... 10, 11, 12, 13

*Rail Scale, Inc. v. Balanced Railscale Certification, LLC*, No. 2:15-CV-02117-RSP, 2017 U.S. Dist. LEXIS 8686 (E.D. Tex. Jan. 23, 2017) .......................................................................... 23

*Reliable Ambulance Serv. v. Mercy Hosp. of Laredo*, No. 04-02-00188-CV, 2003 Tex. App. LEXIS 10934 (Tex. App. Aug. 20, 2003) ................................................................................ 19

*Rozenblat v. Sandia Corp.*, No. 05-1556, 2006 U.S. App. LEXIS 6804 (Fed. Cir. Mar. 17, 2006) .................................................................................................................................................... 6

*RPC, Inc. v. Prudhomme*, No. 6:06cv152, 2007 U.S. Dist. LEXIS 3946 (E.D. Tex. Jan. 19, 2007) .................................................................................................................................................. 12

*Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889 (D. Minn. 2012) ............. 9

*Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) .................................................. 4

*Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113 (5th Cir. 1991) ................................. 16

*Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465 (5th Cir. 2000) .................................................... 19

*Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 U.S. Dist. LEXIS 172645 (N.D. Tex. Dec. 29, 2015) .................................................................................................................... 23

*Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068 (E.D. Tex. Mar. 9, 2018) ................................................................................................ 14

*Tompkins v. Mag Instrument, Inc.*, No. 6:11-cv-80, 2011 U.S. Dist. LEXIS 102336 (E.D. Tex. Sept. 9, 2011) ............................................................................................................................ 20

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ........................................................ 17

*Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, 762 F.3d 1338 (Fed. Cir. 2014) .......................... 11

*United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214 (Tex. App. 1993) ................................................................................................................................. 19

*Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075 (5th Cir. 1988) .. 8, 9, 13

*Virtue v. Creamery Package Mfg.*, 227 U.S. 8 (1913) ................................................................. 11

*Walden v. Fiore*, 571 U.S. 277 (2014) .......................................................................................... 3

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) .......................................... 25

*Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840 (E.D. Tex. 2002) ......................... 21

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585 (E.D. Tex. 2019) ........... 6

*Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) ................................................................. 2

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982) ............................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 6

Fed. R. Civ. P. 8(a)(1) ...................................................................................... 2

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 6

## I.      INTRODUCTION

On March 5, 2020, Plaintiffs Teso LT, UAB, Metacluster LT, UAB, and Code200, UAB ("Teso" or collectively, "Plaintiffs") filed a Complaint (Dkt. No. 1) that fails to allege facts supporting personal jurisdiction over Defendant Luminati Networks Ltd. ("Defendant" or "Luminati"), runs afoul of the *Noerr-Pennington* doctrine by improperly asserting a number of claims based upon Luminati's patent and non-patent infringement litigation before this Court, and fails to meet its pleading requirements for all claims by relying solely on conclusory allegations or legal conclusions masquerading as factual conclusions. Further, Plaintiffs' vague allegations and failure to even identify the source of most of the alleged "false statements" in the Complaint do not put Luminati on notice and cannot support the eight claims against Luminati.  Consequently, Luminati respectfully requests dismissal of all claims pursuant to Fed. R. Civ. P. 8(a), 12(b)(2) and/or 12(b)(6), or in the alternative, a more definite statement pursuant to 12(e).

## II.     STATEMENT OF THE ISSUES TO BE DECIDED

This Motion raises two issues:

(i)      Whether the Court has personal jurisdiction over Luminati when Luminati is a foreign corporation with its principal place of business located in Israel and Defendants have asserted no more than conclusory allegations that Luminati has directed false advertisements and false statements at issue in this lawsuit to customers and potential customers within the State of Texas; and

(ii)     Whether the Court should dismiss Plaintiffs' causes of action for failure to state a claim where the causes of action do not allege sufficient facts to plausibly show Plaintiffs' entitlement to relief and Luminati is permitted under the *Noerr-Pennington* doctrine to enforce its patents through the Court without being subject to retaliatory suits based on Luminati's patent-litigation and related enforcement activities.

1

## III.    DEFENDANTS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(2) FOR LACK OF PERSONAL JURISDICTION OVER LUMINATI

### A.  *Legal Standard for Personal Jurisdiction*

Pursuant to Federal Rule of Civil Procedure 8(a)(1), "a pleading that states a claim for relief must contain…a short and plain statement of the of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

Federal Rule of Civil Procedure 12(b)(2) enables a defendant to move to dismiss a case for lack of personal jurisdiction. Courts "apply Federal Circuit law when reviewing claims 'intimately involved with the substance of the patent laws' and the law of the regional circuit when reviewing state law claims." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003)); *see also Apicore US LLC v. Beloteca, Inc.*, No. 2:19-CV-00077-JRG, 2019 U.S. Dist. LEXIS 65858, at *5-6 (E.D. Tex. Apr. 17, 2019) (quoting *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015)) ("Federal Circuit law governs personal jurisdiction where 'a patent question exists.'").

A plaintiff must make a *prima facie* showing of personal jurisdiction. In determining whether a plaintiff has done so, courts ask "'whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process.'" *NexLearn, LLC*, 859 F.3d at 1375 (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

Federal due process requires that an out-of-state defendant have sufficient "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play

and substantial justice." *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018) (citing *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1785 (2017)). *See Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) ("The words 'continuous and systematic' . . . were used . . . to describe situations in which the exercise of specific jurisdiction would be appropriate.. . . [J]urisdiction can be asserted where a corporation's in-state activities are not only 'continuous and systematic, but also give rise to the liabilities sued on.'"). A defendant's contacts are sufficient to meet the federal due process requirements if the court may exercise general or specific jurisdiction over the defendant. *NexLearn, LLC*, 859 F.3d at 1375.

A court has general jurisdiction over a corporate defendant only when its "corporate operations within a state [are] so substantial and of such a nature" to justify suit based on activity entirely distinct from the alleged activities. *Daimler*, 571 U.S. at 127 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). The operations must be so continuous and systematic that the corporate defendant is "essentially at home in the forum State." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Helicopteros Nacionales de Colombia. v. Hall*, 466 U.S. 408, 414, n. 9 (1984)). Such contacts supporting general jurisdiction of a corporate defendant, include the defendant being incorporated or having a principal place of business in the forum state. *Daimler*, 571 U.S. at 137; *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017).

The question of whether a court may exercise specific jurisdiction over a defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The specific jurisdiction inquiry requires the court to engage in the following three-step analysis: "(1) whether the defendant ... purposely directed its activities toward the forum state or

purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "The plaintiff bears the burden as to the first two requirements, and if proven, the burden then shifts to the defendant to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018) (citations omitted).

### B. *Defendants' Complaint Should Be Dismissed Under 12(b)(2), Because Defendants Do Not Allege Facts Supporting Personal Jurisdiction Over Luminati*

Plaintiffs bear the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). Here Plaintiffs have failed to make a *prima facie* showing of personal jurisdiction.  The sole basis for asserting jurisdiction is the alleged "[directing of] the false advertisements and false statements at issue in this lawsuit to customers and potential customers within the State of Texas" and filing of "meritless patent-infringement claims against Oxylabs in the Eastern District of Texas." Complaint at ¶ 8.

Plaintiffs fail to plead any facts sufficient to demonstrate systematic and continuous contacts by Luminati with Texas necessary to establish general jurisdiction. Complaint at ¶ 8. The vague and conclusory fact about Defendants' contact with Texas falls far short of the allegations necessary to support general jurisdiction, such as being incorporated in Texas or having its principal place of business in Texas, and Plaintiffs cannot justify the extension of general jurisdiction over Luminati. *Daimler*, 571 U.S. at 137.

Similarly, Plaintiffs have not plead sufficient facts sufficient to support specific jurisdiction based on the claims in the Complaint.  Specifically, Plaintiffs do not plead facts demonstrating that

Defendants' alleged in-state activities are not only continuous and systematic but also give rise to the liabilities sued on. *Daimler AG*, 571 U.S. at 138 ("The words 'continuous and systematic' . . . were used . . . to describe situations in which the exercise of specific jurisdiction would be appropriate.. . . [J]urisdiction can be asserted where a corporation's in-state activities are not only 'continuous and systematic, but also give rise to the liabilities sued on.'").

Plaintiffs' assert vague and conclusory allegations that Defendants "directed the false advertisements and false statements at issue in this lawsuit to customers and potential customers within the State of Texas, including the Eastern District of Texas." Complaint at ¶ 8. Plaintiffs do not identify the purportedly "false advertisements and false statements" directed to "customers and potential customers within the States of Texas" leaving Luminati in the dark as to the basis of its personal jurisdiction claims.  To the extent Plaintiffs rely upon statements from the litigation filed in this Court, as addressed below, such statements are protected under the *Noerr-Pennington* doctrine and cannot serve as support for Plaintiffs' claims. Complaint at ¶¶ 14, 16, 17, 19, 20, 22. To the extent Plaintiffs rely upon Luminati's "patent marking" webpage, Plaintiffs identify no statements on that webpage directed toward this forum. Complaint at ¶ 18. With regard to Plaintiffs' other purported false statements, Defendants provide no allegations identifying the source of the purported false statements or the purported recipients of such statements. Complaint at ¶¶ 16, 17, 22, and 23.

There are no additional facts alleged to demonstrate *what* Defendants purportedly directed to customers and potential customers within Texas, and *how* Defendants' alleged directing of false advertisements and false statements is continuous and systematic. Instead, Plaintiffs allege that the mere existence of Luminati's purported advertisements demonstrates that Defendants have purposely availed themselves of the privilege of conducting activities within this District.

However, the court must be able to identify some act whereby Defendants "purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Complaint fails to provide any means for this Court to identify which alleged act (other than an online advertisement directed worldwide) by Defendants purposely availed itself to this District.

Further, Plaintiffs allege that because Defendants previously initiated litigation in this District, Defendants have accepted personal jurisdiction in this action and thus, waived its personal jurisdiction challenge in this case. However, this Court has adopted the ruling in *Rozenblat v. Sandia Corp.*, No. 05-1556, 2006 U.S. App. LEXIS 6804 (Fed. Cir. Mar. 17, 2006) that found that a Defendant does not waive personal jurisdiction by appearing in a previous case filed in the District. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 594 (E.D. Tex. 2019). As such, Plaintiffs in this case cannot evade its burden to make a prima facie showing of personal jurisdiction. And as Plaintiffs have failed to plead sufficient facts to demonstrate that Defendants have sufficient, continuous, and systematic contacts with this District, the Complaint should be dismissed for lack of jurisdiction under Rule 12(b)(2), or in the alternative Rule 8(a)(1).

## IV.   DEFENDANTS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(6) FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS

### A. *Legal Standard for Stating a Claim*

Pursuant to Federal Rule of Civil Procedure 8(a)(2), "a pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief."

A claim should be dismissed under Rule 12(b)(6) if a claimant fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss for failure to state a claim are governed by regional circuit law. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372,

6

1376 (Fed. Cir. 2017). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . [a]nd conclusory allegations and unwarranted deductions of fact are not admitted as true by a motion to dismiss." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (internal citations omitted).

"To survive a motion to dismiss for failure to state a claim, the facts as pleaded must allow the court to infer that the plaintiff's right to relief is plausible." *Indus. Models v. SNF, Inc.*, 716 F.App'x. 949, 955 (Fed. Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss the claim if, taking Plaintiff's well-pleaded allegations as true and resolving all reasonable inferences in its favor, Plaintiff fails to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

## B. *Plaintiffs' Claims That Rely Upon Luminati's Patent Enforcement Litigation Should Be Dismissed Under 12(b)(6) For Violating the Noerr-Pennington Doctrine*

### 1. The *Noerr-Pennington* Doctrine Provides Immunity to Plaintiffs' Claims (Counts I, III, IV, V, VI, VII and VIII) And Is A Basis For 12(b)(6) Dismissal

While Plaintiffs do not identify the source of many of the alleged "false statements" in the Complaint and mischaracterize many other underlying facts in their allegations, to the extent that Plaintiff's causes of action rely upon Luminati's statements from other litigation, the *Noerr-Pennington* doctrine provides immunity allowing Luminati to enforce its rights through the Courts. It is apparent from the face of the pleading that the premises of many of Plaintiffs' claims including its unfair competition and false advertising claim (Count I), tortious interference claims (Counts III and IV), business disparagement claim (Count V), defamation claim (Count VI), unfair competition claim (Count VII) and conspiracy claim (Count VIII) appear to be based upon

Luminati's engagement in "patent-infringement lawsuit[s]" and related patent enforcement activity. Complaint at ¶¶ 14, 16, 17, 19, 20, 22 and 23.

The *Noerr-Pennington* "doctrine allows individuals or businesses to petition the government, free of the threat of antitrust liability, for action that may have anticompetitive consequences" even if the petition was motivated by anticompetitive intent. *Greenwood Utils. Com. v. Miss. Power Co.*, 751 F.2d 1484, 1497 (5th Cir. 1985); *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1082 (5th Cir. 1988). Specifically, the *Noerr-Pennington* doctrine protects Luminati's right to enforce its patents through the courts without threat of unfair competition claims. *Indus. Models*, 716 F.App'x at 955; *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012) ("[If] the complaint itself establishes the applicability of an [affirmative] defense . . . the issue then may be properly be the subject of a Rule 12(b)(6) motion[.]"). *See also Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *Indus. Models*, 716 F.App'x at 955-56.

Similarly, the *Noerr-Pennington* doctrine also provides immunity against other causes of action and has been the basis for dismissing claims including tortious interference, false advertising, and defamation, and would clearly also apply to the similar claim of disparagement. *See e.g. Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1350 (Fed. Cir. 2014) (upholding dismissal of tortious interference claim based on patent infringement complaint under *Noerr-Pennington* doctrine despite also upholding dismissal of the same patent claims as invalid under 35 U.S.C. § 101); *Video Int'l Prod., Inc.*, 858 F.2d at 1084 (applying *Noerr-Pennington* doctrine to tortious interference claims); *Gardner v. Clark*, 101 F. Supp. 2d 468, 473 (N.D. Miss. 2000) (dismissing antitrust claim on finding *Noerr-Pennington* applies to suits involving claims of trade mark infringement and false advertising); *Experience Hendrix, L.L.C.*

*v. HendrixLicensing.com, Ltd.*, 766 F. Supp. 2d 1122, 1143-46 (W.D. Wash. 2011) (applying *Noerr-Pennington* doctrine to state law claims, including defamation); *Caixa Geral de Depositos, S.A. v. Rodrigues*, No. 03-746 (MLC), 2005 U.S. Dist. LEXIS 24339, at *33-*34 (D.N.J. June 29, 2005) (applying *Noerr-Pennington* to defamation claim).

In addition, the *Noerr-Pennington* doctrine also protects Luminati's related patent enforcement activity from Plaintiffs' unfair competition and other claims. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983) (rejecting argument that the *Noerr-Pennington* doctrine only applies to litigation directed to a government and finding doctrine applicable to publications and threats to litigate, such as cease-and-desist letters ); *Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889, 896-900 (D. Minn. 2012) ("[T]he *Noerr-Pennington* doctrine immunizes pre-suit demand letters …"); *Video Int'l Prod., Inc.*, 858 F.2d at 1084 (expanding the *Noerr-Pennington* doctrine "to protect . . . from claims brought under federal and state laws, including . . . common-law tortious interference with contractual relations").

The *Noerr-Pennington* doctrine protects Luminati's ability to enforce its patent rights through the Court as well as related enforcement activities, including the use of demand letters and the publication of the Luminati's patent enforcement efforts. Complaint at ¶¶ 14, 16, 17, 19, 20, 22, 23. Consequently, Plaintiffs' allegations regarding these statements should be disregarded as a basis for supporting Plaintiffs' causes of action.  Lacking other independent support for its claims, the dismissal of Plaintiffs' causes of action for unfair competition claim and false advertising (Count I), tortious interference claims (Counts III and IV), business disparagement claim (Count V), defamation claim (Count VI), unfair competition claim (Count VII) and conspiracy claim (Count VIII), is appropriate under Rule 12(b)(6), or in the alternative Rule 8(a)(2). *BAC Home Loans Serv., L.P.*, 726 F.3d at 726; see *Indus. Models*, 716 F.App'x at 955-56 ("*Noerr-Pennington*

immunity bars [] antitrust claims"); *see Halliburton*, 667 F.3d at 609 ("[If] the complaint itself

establishes the applicability of an [affirmative] defense . . . the issue then may be properly be the

subject of a Rule 12(b)(6) motion[.]"); *see also Love Terminal Partners, L.P. v. City of Dallas,*

*Tex.*, 527 F. Supp. 2d 538, 550 (N.D. Tex. 2007) (A court may properly dismiss an action under

Rule 12(b)(6) if "it is apparent from the face of plaintiff's complaint that defendants are entitled

to *Noerr-Pennington* immunity.").

### 2. Sham Litigation Is A Very Limited Exception to *Noerr-Pennington* That Does Not Apply Here

Sham litigation is a limited exception to *Noerr-Pennington* immunity. *Prof'l Real Estate*

*Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). "In order to prevail, the

antitrust Plaintiff must: (1) demonstrate that *Noerr-Pennington* immunity does not exist because it

is a sham litigation, then (2) prove the elements of an antitrust action." *Pressure Products Med.*

*Supplies, Inc. v. Quan Emerteq Corp.*, No. 9:06-CV-121, 2008 U.S. Dist. LEXIS 144416, at *6

(E.D. Tex. May 16, 2008) (citing *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60-61). The

Supreme Court has defined a sham litigation as following:

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr* and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals an attempt to interfere *directly* with the business relationships of a competitor, through the use [of] the governmental *process* -- as opposed to the outcome of that process -- as an anticompetitive weapon[.] This two-tiered process requires the plaintiff to disprove the challenged lawsuit's *legal* viability before the court will entertain evidence of the suit's *economic* viability.

*Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60-61 (emphasis in original) (internal citations

omitted). "Of course, even a plaintiff who defeats the defendant's claim to *Noerr* immunity by

demonstrating both the objective and subjective components of a sham must still prove a substantive antitrust violation." *Id*. at 61.

With regard to the first step, in their Complaint Plaintiffs have done no more than make a conclusory allegation that Luminati "knows that its patents do not cover Oxylabs products and/or are invalid." Complaint at ¶ 16. Plaintiffs include no allegations identifying any basis for Luminati's patents being invalid or not infringed, much less any basis for Luminati to purportedly know this to have been the case. Rather Plaintiffs appear to improperly imply that the claims are meritless based on the settlement and dismissal of the first action between the parties. Complaint at ¶¶ 14, 16, 19.

"[G]iven the presumption of validity and the burden on the patent challenger to prove invalidity by clear and convincing evidence, it will be a rare case in which a patentee's assertion of its patent in the face of a claim of invalidity will be so unreasonable as to support a claim that the patentee has engaged in sham litigation." *Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, 762 F.3d 1338, 1345 (Fed. Cir. 2014). "The law recognizes a presumption that the assertion of a duly granted patent is made in good faith, *see Virtue v. Creamery Package Mfg.*, 227 U.S. 8, 37-38 (1913); this presumption is overcome only by affirmative evidence of bad faith." *C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340, 1369 (Fed. Cir. 1998). Plaintiffs have provided no basis for its conclusory allegation of bad faith, which cannot support the pleading requirements for alleging sham litigation. Complaint at ¶ 16.

Nor can Plaintiffs plead without supporting facts the mere (false) conclusion that Luminati know[s] that its patent enforcement claims are "meritless." Complaint at ¶¶ 1, 8, 14, 16, 19, 22. There are no facts supporting the notion that Luminati's infringement claims are objectively

baseless, and more importantly, they are protected by the *Noerr-Pennington* doctrine. *RPC, Inc. v. Prudhomme*, No. 6:06cv152, 2007 U.S. Dist. LEXIS 3946, at * 12 (E.D. Tex. Jan. 19, 2007).

Conclusory statements are insufficient to meet the *Twombly* pleading standard and Plaintiffs cannot plausibly allege that "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60. In fact, Plaintiffs' Complaint contains no more than "conclusory allegations or legal conclusions masquerading as factual conclusions" that Luminati brought "meritless" patent-infringement claims against Oxylabs and Luminati allegedly "knows" its patents are invalid, yet plead no facts in support. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); Complaint at ¶¶ 1, 8, 14, 16, 19, 22. Plaintiffs' "continued iteration that the [Defendants'] actions are objectively baseless does not make them so." *721 Bourbon, Inc. v. Willie's Chicken Shack, LLC,* No. 19-9069-WBV-MBN, 2020 U.S. Dist. LEXIS 20044, at *10-11 (E.D. La. Feb. 6, 2020) (granting dismissal of counterclaims after finding that "the fact that the plaintiff owns a registered trademark and has taken steps to protect that trademark—before and by filing this lawsuit" supports rejecting defendants' argument for sham litigation).

Plaintiffs' overbroad, insufficiently pled, and conclusory facts cannot show Luminati's lawsuit to be "objectively baseless." *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60. As such, and in accordance with controlling case law, the question of Luminati's subjective motivation need not be examined. *Id*. ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation."); *see Bartex Research, LLC v. FedEx Corp.*, No. 6:07-cv-385-LED-JDL, 2011 U.S. Dist. LEXIS 62107, at *13-14 (E.D. Tex. June 10, 2011) ("[Defendant] has failed to produce clear and convincing evidence that [plaintiff's] proposed claim constructions were objectively baseless; therefore, a determination of whether [plaintiff] raised these arguments

in subjective bad faith is not appropriate."); *Bedrock Comput. Techs. v. Yahoo! Inc.*, No. 6:09cv269-LED-JDL, 2011 U.S. Dist. LEXIS 171533, at *6 (E.D. Tex. Sep. 30, 2011) ("Subjective bad faith may be shown by wrongful intent, recklessness, or gross negligence. However, the Supreme Court has stated that '[o]nly if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.'") (quoting *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60)).

Had Plaintiffs pled facts supporting objective baselessness, which they have not, Plaintiffs would still need to plead that Luminati met the subjective requirement of sham litigation that Luminati sought to achieve its goals "through the use [of] the governmental process -- as opposed to the outcome of that process." *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60-61.  They have not. Consequently, Counts I, III, IV, V, VI, VII and VIII should be dismissed under the *Noerr-Pennington* doctrine. *See Video Int'l Prod., Inc.*, 858 F.2d at 1084 (applying the *Noerr-Pennington* analysis to common-law tort claims, because "it [is] easy to agree that the same rationale under antitrust law that supports [the defendant's] petition . . . also serves to protect [the defendant] from the tort claim").

C.   ***Plaintiffs' Unfair Competition Claim Should Be Dismissed Because It Fails to Satisfy the Pleading Requirements of 12(b)(6) and 12(e)***

Even if the Court were to find that the *Noerr-Pennington* doctrine does not apply in this case, Plaintiffs' claims for unfair competition fails to satisfy the pleading requirements of 8(a)(2), 12(b)(6), and 12(e). Plaintiffs' Lanham Act claim provides no more than conclusory allegations leaving Luminati without notice as to the basis of this claim.  Complaint at ¶¶ 25-30.  For this reason alone, the claim should be dismissed under 12(b)(6) and/or Rule 8(a)(2), or in the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

1. **Plaintiffs' Lanham Act Claim for False Advertising Fails to Satisfy Its Pleading Requirements.**

"The Fifth Circuit has held that the elements for a false advertising claim under the Lanham Act are: (1) a false or misleading statement of fact about a product; (2) such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers; (3) the deception is material, in that it is likely to influence the consumer's purchasing decision; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue." *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068, at *30 (E.D. Tex. Mar. 9, 2018) (citing *Pizza Hut Inc. v. Papa John's Int'l Inc.*, 227 F.3d 489 (5th Cir. 2000)).  "The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim."  *Pizza Hut, Inc.*, 227 F.3d at 495.

Plaintiffs do not identify the basis for their false advertising claim against Luminati. Complaint at ¶¶ 25-30. To the extent that it is based on the patent litigation and related enforcement, such claims are barred under the *Noerr-Pennington* doctrine as addressed above. Complaint at ¶¶ 14, 16, 17, 19, 20, 22, 23.  To the extent that Plaintiffs are relying upon the quoted statements in paragraph 17 of the Complaint at Plaintiffs identify no source for the purported statements, the receiver of the purported statements, the purported basis for the statements being false, that the statements had the capacity to deceive a substantial segment of potential consumers, or that the deception is material.

Other than the patent litigation, the only source identified by Plaintiffs is Luminati's "patent marking" webpage, which is identified by a URL. Complaint at ¶ 18. Plaintiffs allege that this page lists fifteen United States patents and "falsely claims that '[a]ll Luminati's products are covered by the patents…. This claim is false because, at a minimum, not 'all' of Luminati's products are covered by *all* of the listed patents." *Id*. (emphasis added).  However, Plaintiffs' interpretation of the quoted sentence is clearly contrary to the express quoted language, which does

not say "[a]ll Luminati's products are covered by [all] the patents."  To state that some Luminati products are covered by some patents, while other Luminati products are covered by different patents is consistent with the quoted language and not false or misleading. The statement is not false or misleading. What is more notable is that, while incorrect, Plaintiffs do not allege that such a deception has the capacity to deceive or is material, in that it is likely to influence the consumer's purchasing decision.

Plaintiffs' claim for false advertising should also be dismissed as Plaintiffs do not have prudential standing to sue under the Lanham Act and the claim fails to satisfy the pleading requirement for competitive harm under the Lanham Act. "[O]nly persons who have suffered a commercial injury as a result of anti-competitive conduct have prudential standing under the Lanham Act." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011). Plaintiffs allege that Luminati's patent enforcement activity is anti-competitive conduct. As previously discussed, Luminati is entitled to enforce its patent rights under the *Noerr-Pennington* doctrine against its infringers. There is no anti-competitive conduct which is required for Plaintiffs to demonstrate in order to have prudential standing under the Lanham Act. Consequently, any "commercial injury" Plaintiffs allege is not due to any "anti-competitive conduct" but as a result of a patent owner enforcing its rights against patent infringers. Plaintiffs clearly do not have prudential standing to sue under the Lanham Act and as such their false advertising claims should be appropriately dismissed.

Even if the Court were to find that Plaintiffs sufficiently alleged "anti-competitive conduct," Plaintiffs still fail to establish that they have prudential standing under the Lanham Act. The Fifth Circuit "employ[s] a five-factor test to determine whether a plaintiff has prudential standing under the Lanham Act:

15

(1) the nature of the plaintiff's alleged injury: Is the injury "of a type that Congress sought to redress in providing a private remedy for violations of the antitrust laws"?; (2) the directness or indirectness of the asserted injury; (3) the proximity or remoteness of the party to the alleged injurious conduct; (4) the speculativeness of the damages claim; and (5) the risk of duplicative damages or complexity in apportioning damages."

*Harold H. Huggins Realty, Inc.*, 634 F.3d at 796-97.

Plaintiffs merely state that the "false" statements by Luminati "deceive the public, customers, and potential customers." In fact, Plaintiffs do not state any alleged injury other than citing to legal fees they incurred as a result of patent infringement lawsuits, in which they are the accused infringers. Complaint at ¶¶ 18-22. This alleged injury is not a logical result of the alleged "false" statements that Luminati advertises on its web pages. In fact, there is no mention of any injury Plaintiffs suffered as a result of Luminati's alleged "false" statements. Thus, Defendants can only speculate as to Plaintiffs' alleged commercial injuries. It is clear therefore that Plaintiffs have no standing to bring a false advertising claim under the Lanham Act, and accordingly Count I should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

**2. Plaintiffs' Unfair Competition Claim Under The Lanham Act Should Be Dismissed Under 12(b)(6), Because Plaintiffs Fail To Satisfy Their Pleading Requirements**

"To prosecute a claim for [] unfair competition under the Lanham Act, a plaintiff must show two elements. First, the plaintiff must demonstrate that the trade dress qualifies for protection." *Andra Grp., LP v. Bareweb, Inc.*, Civil Action No. 4:17-CV-00815, 2018 U.S. Dist. LEXIS 97378, at *20 (E.D. Tex. June 11, 2018) (citing *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1117-18 (5th Cir. 1991)). "To qualify for legal protection, the trade dress must '(1) [be] inherently distinctive or (2) [have] acquired distinctiveness through secondary meaning.' . . . [And t]rade dress must be non-functional to receive legal protection." *Id.* at *21 (citing *Two Pesos,*

16

*Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769, 775 (1992)). "Second, the plaintiff must demonstrate that the defendant's copying of its trade dress 'creates a likelihood of confusion in the minds of potential customers as to the source, affiliation, or sponsorship of the product at issue.'" *Id.* (quoting *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008)).

While the Complaint does not specify the basis for their Lanham Act claim, Plaintiffs appear to be relying on the screenshots to support an unfair competition claim because the website design "deceived or had the capacity to deceive a substantial segment of potential consumers." Complaint at ¶¶ 21, 27-28. Plaintiffs allege that the provided screenshots in their Complaint show that "Luminati has intentionally copied the look, feel, and design of Oxylabs' website" without identifying which images were created when, what features of these images are inherently distinctive or have acquired distinctiveness through secondary meaning, or pleading that these features are "non-functional." Complaint at ¶ 21. For example, Plaintiffs' vague allegations have not identified which words or symbols are purportedly copied. In addition, to the extent that both websites provide information regarding the number of proxy IP addresses available in a given country, Plaintiffs do not allege that this information would be "non-functional," nor would it be. Plaintiffs must provide sufficient facts "to state a[n unfair competition] claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition, Plaintiffs must demonstrate that the defendant's copying of its trade dress "creates a likelihood of confusion in the minds of potential customers as to the source, affiliation, or sponsorship of the product at issue." *Smack Apparel Co.*, 550 F.3d at 478. However, Plaintiffs do not allege any such confusion. For example, while Plaintiffs compare images of partial

screenshots, Plaintiffs include no allegations as to whether the Luminati trademark appears on these web pages full screen shots or provide the full screen shots themselves.  Further, there is no merit in Plaintiffs' sheer speculative allegation that customers have been deceived or are likely to be deceived. As an example, in one of the screenshots of Luminati's website, it clearly states "[h]ow customers use *Luminati* Proxy Service" further eliminating any sort of confusion even in this partial image from this webpage. Complaint at ¶ 21. Because Plaintiffs plead no allegations showing likelihood of confusion or deception have not identified any features on the partial web page images that are "inherently distinctive" or "have acquired distinctiveness through secondary meaning," Plaintiffs cannot prosecute a claim for unfair competition under the Lanham Act. Consequently, Count I should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### D.  *Plaintiffs' Unfair Competition Claim Under Texas State Law Fails to Meet Its Pleading Requirements Under Texas Law And Should Be Similarly Dismissed*

"Courts have held that . . . unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'" *Mission Trading Co. v. Lewis*, No. H-16-3368, 2017 U.S. Dist. LEXIS 181094, at *11-12 (S.D. Tex. July 31, 2017) (quoting *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App. 2001) (pet. denied)). And as such, the sufficiency in Plaintiffs' claims for unfair competition under Texas state law can be examined under the Lanham Act standard.

Plaintiffs appear to rely upon the same allegations as for the Lanham Act claim, and Plaintiffs' unfair competition claim under Texas law should be dismissed for the same reasons presented under the *Noerr-Pennington* doctrine and Lanham Act analysis. Complaint at ¶¶ 54-57. "In Texas, 'the law of unfair competition is the umbrella for all statutory and nonstatutory causes

of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'" *Directv, Inc. v. Alberts*, No. 1:03-CV-161, 2004 U.S. Dist. LEXIS 27250, at *9 (E.D. Tex. Mar. 2, 2004) (quoting *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000)). "Unfair competition' is not, in and of itself, a separate tort." *Id.* (quoting *Reliable Ambulance Serv. v. Mercy Hosp. of Laredo*, No. 04-02-00188-CV, 2003 Tex. App. LEXIS 10934, at *5 (Tex. App. Aug. 20, 2003)) (internal marks omitted)). "Rather, 'within the broad scope of unfair competition are the independent causes of action such as trade-secret law, palming off or passing off, and misappropriation, to name only a few.'" *Id.* (quoting *United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 217 (Tex. App. 1993), (writ denied)). "In general, the torts of unfair competition require the plaintiff to show an illegal act by the Defendant which interfered with the plaintiff's ability to conduct its business." *Id.* (citing *Taylor Pub. Co.*, 216 F.3d at 486).

Plaintiffs have failed to demonstrate any "illegal act" as required by Texas law to sufficiently plead an unfair competition claim under Texas law.  For the same reasons provided above for dismissing Plaintiffs' Lanham Act claim, Plaintiffs' Count VII, unfair competition claim under Texas law, should also be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2).   In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### E.   *Plaintiffs' False Patent Marking Claim Fails To Satisfy Pleading Requirements of 12(b)(6) And Should Be Dismissed*

As discussed above, Plaintiffs failed to allege facts demonstrating that Luminati made a false statement regarding its patents, much less allege facts showing that Luminati acted with the intent to deceive the public. Complaint at ¶¶ 18, 31-33. Consequently, this claim should be dismissed.

19

"The false marking statute, 35 U.S.C. § 292(a), prohibits the false marking of a product with a patent for the purpose of deceiving the public. A claim for false marking thus requires Plaintiff to demonstrate that Defendants acted with an intent to deceive the public. 'Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true.'" *Main Hastings Llc v. Mettler Elecs. Corp.*, No. 4:10-CV-616, 2011 U.S. Dist. LEXIS 171865, at *4 (E.D. Tex. June 2, 2011) (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)). "Under Rule 9(b) in a false marking case, Plaintiff must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Id.* (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). "To establish knowledge of falsity, a relator must demonstrate 'that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent).'" *Tompkins v. Mag Instrument, Inc.*, No. 6:11-cv-80, 2011 U.S. Dist. LEXIS 102336, at *6 (E.D. Tex. Sept. 9, 2011) (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352-1353 (Fed. Cir. 2005)).

Plaintiffs' Complaint is devoid of any alleged facts showing Luminati's intent to deceive the public. Instead, Plaintiffs assert the conclusory allegation that Luminati "knows" that its patents are invalid and as such Luminati's "patent marking" web page supports Plaintiffs' claim for false patent marking. Complaint at ¶¶ 16, 18. Patents are entitled to a presumption of validity under 35 U.S.C. § 282, and Plaintiffs have alleged no facts contrary to that presumption. In addition, the Complaint "contains only generalized allegations that Defendants acted with an intent to deceive the public. The Federal Circuit specifically rejected such allegations in *BP Lubricants*." *Tompkins*, 2011 U.S. Dist. LEXIS 102336, at *7 (citing *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309

(Fed. Cir. 2011)). Further without any supporting evidence, Defendants have no means of responding to Plaintiffs' false patent marking claim. As Plaintiffs have failed to plead any facts sufficient for the Court to reasonably infer that Defendants acted with the requisite state of mind, Plaintiffs' false patent marking claim (Count II) should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

F. ***Plaintiffs' Tortious Interference with Existing Contract Claim Fails to Satisfy The Pleading Requirements And Should Be Dismissed Under 12(b)(6)***

Plaintiffs' Count III should be dismissed as Plaintiffs have failed to satisfy the pleading requirements for a claim of tortious interference with existing contract claim. "To establish a case of wrongful interference with an existing business contract, a party must allege: '(1) a contract existed that was subject to interference; (2) the act of interference was willful and intentional; (3) such intentional act was a proximate cause of the plaintiff's damages; and (4) actual damages or loss occurred.'" *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-00358, 2020 U.S. Dist. LEXIS 110355, at *7-8 (E.D. Tex, June 24, 2020) (quoting *Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840, 849 (E.D. Tex. 2002)). In fact, when a plaintiff "fail[s] to allege any facts that specified any contract or breach of contract that could have been used to infer the existence of a contract" a motion to dismiss should be consequently granted. Further, when a "plaintiff simply alleged that 'some' of its customers refused to purchase their products because of the defendant's letters" a finding that "the use of the word 'some' does not identify plaintiff's customers or their contracts with any specificity" was appropriate. *Gibson Brands, Inc.*, 2020 U.S. Dist. LEXIS 110355, at *8-9.

Plaintiffs have made no more than conclusory allegations in support of this claim. Complaint at ¶¶ 34-38.  Plaintiff have not identified any contract with which Luminati "interfered"

21

or the nature of such alleged "interference." Complaint at ¶¶ 35-36. Further, nowhere in the Complaint do Plaintiffs identify any customers with any specificity. Complaint at ¶¶ 16-18, 23 ("Oxylabs' customers and potential customers"). Plaintiffs instead reiterate that Defendants allegedly interfered with its "customers and potential customers," without distinguishing between Luminati and the other defendant, and that Plaintiffs incurred some actual damage or loss, although Plaintiffs do not even allege what that loss may be. As Plaintiffs have failed to identify their customers, their contracts, the interference, or loss with any specificity, Count III should also be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2).  In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### G. *Plaintiffs' Tortious Interference with Prospective Relations Claim Fails to Meet its Pleading Requirements.*

Plaintiffs' tortious interference with prospective relations claim should be similarly dismissed as Plaintiffs have made no more than conclusory allegations in support of this claim. Complaint at ¶¶ 39-44.   In addition to lacking any allegations identifying any prospective relations with which Luminati allegedly interfered, Plaintiffs fail to demonstrate that Luminati's alleged conduct was independently tortious or unlawful, as required by Texas law. *Cedra Pharm. Houston, L.L.C. v. UnitedHealth Grp., Inc.*, 798 F.App'x 826, 827 (5th Cir. 2020) ("To state a claim for tortious interference with prospective business relations under Texas law, a plaintiff must allege, among other things, that the defendant's conduct was independently tortious or unlawful.")

Plaintiffs have not alleged any independently tortious or unlawful conduct by Luminati. However, even if Plaintiffs are alleging that Luminati's patent enforcement lawsuits and Luminati's patent marking page are independently tortious, the two "conducts" by Luminati still are not independently tortious or unlawful under Texas law. First, as discussed above, the *Noerr-Pennington* doctrine protects Luminati's right to enforce its patents through the courts. *Indus.*

*Models*, 716 F.App'x at 955-56; *Halliburton*, 667 F.3d at 609; *see also BAC Home Loans Serv., L.P.*, 726 F.3d at 726. Initiating a patent enforcement lawsuit against patent infringers is not an unlawful conduct under any law. In addition, as Plaintiffs' false marking claim has failed to meet its Rule 9(b) particularity requirement, Plaintiffs' reference to an insufficiently pled false marking claim cannot suffice as a proper demonstration of an unlawful act for this claim of tortious interference with prospective relations. *See In re BP Lubricants*, 637 F.3d at 1311 ("Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication of claims that do little more than speculate that the defendant engaged in more than negligent action.").

In addition to lacking any specificity in the "prospective relations" with which Luminati allegedly interfered, Plaintiffs have also failed to demonstrate with particularity any independently tortious or unlawful conduct by Luminati. Accordingly, Plaintiffs have not sufficiently stated a claim for tortious interference with prospective business relations under Texas law, and Plaintiffs' Count IV should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

## H. *Plaintiffs' Business Disparagement Claim Have Failed to Meet its Pleading Requirements and Should be Dismissed Under Rule 12(b)(6).*

Plaintiffs have failed to plead sufficient facts to state a claim for business disparagement. Complaint at ¶¶ 45-48.   "[T]he five general elements of a claim for business disparagement under Texas law [are] '(1) publication by the defendant of the disparaging words, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages.'" *Rail Scale, Inc. v. Balanced Railscale Certification, LLC*, No. 2:15-CV-02117-RSP, 2017 U.S. Dist. LEXIS 8686, at *10-11 (E.D. Tex. Jan. 23, 2017) (quoting *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 U.S. Dist. LEXIS 172645, at *8-9 (N.D. Tex. Dec. 29, 2015)).

23

As addressed above, Plaintiffs have not alleged statements that can support this claim at least because of the protections afforded by the *Noerr-Pennington* doctrine with regard to Luminati's patent litigation and related enforcement activities. Complaint at ¶¶ 14, 16, 17, 19, 20, 22, 23. In addition, Plaintiffs have included no allegations identifying disparaging words, publications from Luminati containing such words, facts supporting the falsity of such words, or malice behind such words. *Id.*

Plaintiffs have also failed to plead special damages. "To prove special damages, a plaintiff must provide evidence 'that the disparaging communication played a substantial part in inducing third parties not to deal with the plaintiff, resulting in a direct pecuniary loss that has been realized or liquidated, such as specific lost sales, loss of trade, or loss of other dealings.'" *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (granting defendants' motion to dismiss plaintiff's claim for business disparagement). In *Encompass Office Solutions*, this Court granted defendants' motion to dismiss plaintiff's claim for business disparagement because "the only allegation" in the complaint relating to special damages was that "the publication of these statements has caused [plaintiff] to suffer lost profits and lost goodwill/business reputation." *Id.* The Court found that this "conclusory statement, void of any supporting facts, is not sufficient to support a claim for business disparagement." *Id.* (quoting *Iqbal*, 556 U.S. at 678) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

Like in *Encompass Office Solutions*, Plaintiffs in this case have supplied similar if not nearly identical conclusory statements of alleged damages, void of any supporting facts. In the Complaint at Plaintiffs merely state that they "incurred actual damage or loss" "including but not limited to lost revenues and profits." Complaint at ¶¶ 44, 48. There is no evidence of any

24

supporting facts related to the alleged special damages. As such, and in accordance with this Court's ruling in *Encompass Office Solutions*, Plaintiffs' claim of business disparagement (Count V) should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2).  In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### I.  *Plaintiffs' Defamation Claim Fails to Meet its Pleading Requirements.*

Similarly, Count VI of the Complaint should be dismissed, as Plaintiffs have failed to plead more than conclusory facts for a defamation claim brought under Texas law. Complaint at ¶¶ 49-53. "Texas law establishes the following elements to state an actionable claim of defamation: (1) publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damages." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). In addition, this Court has previously ruled that a "defamation claim must also 'state the time and place of the publication.'" *Accresa Health LLC v. Hint Health, Inc.*, Civil Action No. 4:18-cv-00536, 2020 U.S. Dist. LEXIS 90064, at *15-16 (E.D. Tex. May 22, 2020) (quoting *Jackson v. Dallas Indep. Sch. Dist.*, Civil Action No. 3:98-CV-1079-D, 1998 U.S. Dist. LEXIS 10328, at *13 (N.D. Tex. July 2, 1998) (internal marks omitted)). Accordingly, a sufficiently plead claim of defamation should include the allegations of "who published the allegedly defamatory statements and when." *Id.* at *16.

As with disparagement, Plaintiffs have not alleged statements that can support this claim at least because of the protections afforded by the *Noerr-Pennington* doctrine with regard to Luminati's patent litigation and related enforcement activities. Complaint at ¶¶ 14, 16, 17, 19, 20, 22, 23. In addition, Plaintiffs have included no allegations identifying a publication of a false statement of fact to a third party, that the false statement concern Plaintiffs and be defamatory, that

Luminati acted with requisite degree of fault in making the publication, or that the publication caused damage to Plaintiffs.  *Id*.

Plaintiffs make general and conclusory allegations in an attempt to support its insufficiently plead claim of defamation. Complaint at ¶¶ 19-20. *See Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 U.S. Dist. LEXIS 97361, at *14 (E.D. Tex. June 10, 2016) ("[Plaintiff] does not specifically allege which 'published statement' [defendant] made that constitutes defamation. On this basis alone, [plaintiff] failed to plead sufficient factual details to support his defamation claim."); *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6) (internal quotations omitted)). To the extent that Plaintiffs rely on their allegation that Luminati "falsely represented that Oxylabs' press releases are 'incorrect and contrary to the resolution of the dispute'" (Complaint at ¶ 19), the Court may take judicial notice that it has already found with regard to Plaintiffs' press releases that "Teso has engaged in intentional misrepresentations and mischaracterizations via half-truths that violated the terms and spirit of the confidential settlement that resolved this case." *Luminati Networks Ltd. v. UAB Tesonet et al.*, Case No. 2:18-cv-299, ECF 351, at *2 (E.D. Tex. Apr. 8, 2020). Despite this finding, Plaintiffs did not amend their Complaint.

As it is apparent that Plaintiffs have failed to meet the pleading requirements for a defamation claim, Count VI of the Complaint should be appropriately dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

## J.  *Plaintiffs Failed To Plead Sufficient Facts To Support The Claim of Conspiracy*

Plaintiffs have not plead sufficient facts to support their claim of conspiracy, and accordingly, Count VIII should be dismissed. Complaint at ¶¶ 58-63. "To state a claim for civil

conspiracy, a plaintiff must allege: (1) a combination of two or more persons; (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) the plaintiff suffered injury as a proximate result of the wrongful act." *Butowsky v. Folkenflik*, Civil Action No. 4:18CV442, 2019 U.S. Dist. LEXIS 104297, at *40-41 (E.D. Tex. Apr. 17, 2019) (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998)). "Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Homoki v. Conversion Servs.*, 717 F.3d 388, 402 (5th Cir. 2013). Plaintiffs' Complaint is devoid of (1) any facts demonstrating a meeting of the minds; (2) any facts demonstrating one or more unlawful, overt acts; and (3) any specified facts demonstrating injury as a proximate result of the wrongful act.

Plaintiffs do not adequately allege an "agreement" under the *Twombly* standard under their conspiracy claim. *Ingram v. United States*, 360 U.S. 672, 677-78 (1959) ("It is fundamental that a conviction for conspiracy . . . cannot be sustained unless there is proof of an agreement."). Plaintiffs also do not plead any direct evidence of an agreement among competitors including the specific time, place or persons involved in the alleged agreement(s). *Twombly*, 550 U.S. at 565, n.10.  The allegations are conclusory in nature and insufficient to create a plausible inference of an agreement between Luminati and EMK. In fact, Plaintiffs' entire conspiracy claim is based upon the allegation that Luminati operates "at EMK's control and direction." (Complaint at ¶¶ 1, 16). However, as a matter of law, Plaintiffs cannot demonstrate a combination or conspiracy, as courts have consistently rejected the "intra-enterprise conspiracy doctrine." *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 771 (1984); *see Hood v. Tenneco Texas Life Ins. Co.*, 739 F.2d 1012, 1015 (5th Cir. 1984) (quoting same).

Further, Plaintiffs rely on mere conclusory allegations of unlawful acts to bring forth their conspiracy claim. Plaintiffs allege that Luminati conspired with EMK, because "at EMK's control and direction" Luminati conducted an unlawful act by pursuing patent infringement lawsuits against its infringers. Again, Luminati is entitled to enforce its patent rights under the *Noerr-Pennington* doctrine and as such, Plaintiffs cannot plead any facts alluding to an unlawful, overt act as required for its conspiracy claim.

Lastly, Plaintiffs have failed to meet the pleading requirements of their conspiracy claim, because the Complaint fails to identify with specificity any injury Plaintiffs suffered as a proximate result of Luminati's enforcement of its patent rights. On the contrary, Plaintiffs state that despite Luminati's patent infringement lawsuits against them, "Oxylabs has sufficient resources to defend itself[.]" Complaint at ¶ 22. It is unclear from the Complaint how "Oxylabs suffered injury as a proximate result of" Luminati's patent infringement lawsuits. There is no mention of a specified allegation of damages, loss, or injury. The Complaint instead reiterates the general statement alleging that Oxylab suffered some type of unknown injury. Complaint at ¶¶ 63. As it is apparent that Plaintiffs have failed to plead sufficient facts to support their claim of conspiracy, Count VIII should be dismissed in its entirety under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

## V.    CONCLUSION

For the reasons provided above, Luminati respectfully requests that this Court grant this motion to dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(2) or 12(b)(6), or in the alternative, order Plaintiffs to produce a more definite statement addressing the above deficiencies under 12(e).

Dated:  July 23, 2020                                   By: */s/ Korula T. Cherian*
                                                        Korula T. Cherian
                                                        CA State Bar No. 179525

RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA  94702
(510) 944-0190
sunnyc@ruyakcherian.com

*Attorneys for Defendant*
*Luminati Networks Ltd.*