**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TESO LT, UAB, METACLUSTER LT, UAB, AND CODE200, UAB, | § § § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:20-cv-00073 |
| | § | |
| LUMINATI NETWORKS LTD. AND EMK CAPITAL LLP, | § § | JURY TRIAL DEMANDED |
| | § § | |
| Defendants. | § | |

**LUMINATI NETWORKS LTD.'S MOTION TO DISMISS AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF THE ISSUES TO BE DECIDED ...................................... 1

III. DEFENDANTS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(2) FOR
     LACK OF PERSONAL JURISDICTION OVER LUMINATI ........................ 2

    A.   Legal Standard for Personal Jurisdiction .......................................................... 2

    B.   Defendants' Complaint Should Be Dismissed Under 12(b)(2), Because Defendants Do
        Not Allege Facts Supporting Personal Jurisdiction Over Luminati ................................. 4

IV.  DEFENDANTS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
     SATISFY THE PLEADING REQUIREMENTS ............................................... 6

    A.   Legal Standard for Stating a Claim .................................................................. 6

    B.   Plaintiffs' Claims That Rely Upon Luminati's Patent Enforcement Activities Should Be
        Dismissed For Violating the Noerr-Pennington Doctrine ................................. 7

        1. The *Noerr-Pennington* Doctrine Provides Immunity to Plaintiffs' Claims (Counts
            I, III, IV, V, VI, VII) And Is a Basis For Dismissal .............................................. 7

        2. Sham Litigation Is A Very Limited Exception to *Noerr-Pennington* That Does
            Not Apply Here ........................................................................................ 10

    C.   Plaintiffs' State Law Claims (Counts III–VII) Are Preempted by Federal Patent Law .. 13

    D.   Plaintiffs' Lanham Act Claim Should Be Dismissed Because It Fails to Satisfy The
        Pleading Requirements .................................................................................. 16

    E.   Plaintiffs' False Patent Marking Claim Fails To Satisfy The Pleading Requirements And
        Should Be Dismissed ..................................................................................... 20

    F.   Plaintiffs' Tortious Interference With Existing Contract Claim Fails To Satisfy The
        Pleading Requirements And Should Be Dismissed ...................................... 22

    G.   Plaintiffs' Tortious Interference With Prospective Relations Claim Fails To Meet The
        Pleading Requirements And Should Be Dismissed ...................................... 24

    H.   Plaintiffs' Business Disparagement Claim Fails To Meet The Pleading Requirements
        And Should Be Dismissed .............................................................................. 25

    I.   Plaintiffs' Defamation Claim Fails To Meet The Pleading Requirements And Should Be
        Dismissed ..................................................................................................... 26

    J.   Plaintiffs' Conspiracy Claim Fails To Meet The Pleading Requirements And Should Be
        Dismissed Under Rule 12(b)(6) .................................................................... 28

V.   CONCLUSION ................................................................................................ 30

## TABLE OF AUTHORITIES

**Cases**

*721 Bourbon, Inc. v. Willie's Chicken Shack, LLC,* No. 19-9069-WBV-MBN, 2020 U.S. Dist. LEXIS 20044 (E.D. La. Feb. 6, 2020) ................................................. 12

*800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354 (Fed. Cir. 2008) ..................................... 14, 15

*Accresa Health LLC v. Hint Health, Inc.*, Civil Action No. 4:18-cv-00536, 2020 U.S. Dist. LEXIS 90064 (E.D. Tex. May 22, 2020) ................................................. 27

*Apicore US LLC v. Beloteca, Inc.*, No. 2:19-CV-00077-JRG, 2019 U.S. Dist. LEXIS 65858 (E.D. Tex. Apr. 17, 2019) ................................................. 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 7, 26, 27

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) .......................... 2

*Bartex Research, LLC v. FedEx Corp.*, No. 6:07-cv-385-LED-JDL, 2011 U.S. Dist. LEXIS 62107 (E.D. Tex. June 10, 2011) ................................................. 13

*Bedrock Comput. Techs. v. Yahoo! Inc.*, No. 6:09cv269-LED-JDL, 2011 U.S. Dist. LEXIS 171533 (E.D. Tex. Sep. 30, 2011) ................................................. 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 29

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) ......................... 3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................. 4

*Butowsky v. Folkenflik*, Civil Action No. 4:18CV442, 2019 U.S. Dist. LEXIS 104297 (E.D. Tex. Apr. 17, 2019) ................................................. 28

*C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340 (Fed. Cir. 1998) ................................. 11, 15

*Caixa Geral de Depositos, S.A. v. Rodrigues*, No. 03-746 (MLC), 2005 U.S. Dist. LEXIS 24339 (D.N.J. June 29, 2005) ................................................. 9

*Cedra Pharm. Houston, L.L.C. v. UnitedHealth Grp., Inc.*, 798 F.App'x 826 (5th Cir. 2020).... 24

*Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373 (Fed. Cir. 2015)........................ 2

*Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318 (S.D. Fla. 2008) ......................... 14

*Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005)........................ 20

*Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358 (5th Cir. 1983) ............................. 9

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343 (Fed. Cir. 2014).................................................... 8

*Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984)..................................... 29

*Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613 (D. Del. 2014) .......................... 22

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ................................................. 3, 4, 5

*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008).... 14, 15

*Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003)............................... 2

*Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938 (E.D. Tex. 2011) ......... 26

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) ......................... 20

*Experience Hendrix, L.L.C. v. HendrixLicensing.com, Ltd.*, 766 F. Supp. 2d 1122 (W.D. Wash. 2011).................................................... 9

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)......................... 12

*Fisher Tool Co. v. Gillet Outillage*, 530 F.3d 1063 (9th Cir. 2008)............................. 14

*Fisher v. Halliburton*, 667 F.3d 602 (5th Cir. 2012) ................................. 8, 10, 24

*Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A(F), 2011 U.S. Dist. LEXIS 146553 (W.D.N.Y. Dec. 21, 2011) ................................................. 22

*Gardner v. Clark*, 101 F. Supp. 2d 468 (N.D. Miss. 2000) ......................................... 8

ii

*Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-00358, 2020 U.S. Dist. LEXIS 110355 (E.D. Tex, June 24, 2020) .............................................................. 23

*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367 (Fed. Cir. 2004)........... 14

*Golan v. Pingel Enter.*, 310 F.3d 1360 (Fed. Cir. 2002) ................................................................ 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).................................... 3

*GP Indus. v. Eran Indus.*, 500 F.3d 1369 (Fed. Cir. 2007)............................................................ 15

*Greenwood Utils. Com. v. Miss. Power Co.*, 751 F.2d 1484 (5th Cir. 1985)................................ 8

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992)............................................................. 7

*Hanson v. Denckla*, 357 U.S. 235 (1958) ...................................................................................... 6

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011) ........................ 18, 19

*Helicopteros Nacionales de Colombia. v. Hall*, 466 U.S. 408 (1984)........................................... 3

*Homoki v. Conversion Servs.*, 717 F.3d 388 (5th Cir. 2013)........................................................ 28

*Hood v. Tenneco Texas Life Ins. Co.*, 739 F.2d 1012 (5th Cir. 1984) ......................................... 29

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998) ...................... 14

*In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011) ............................................ 21, 24

*In re Lipsky*, 460 S.W.3d 579 (Tex. 2015)................................................................................... 27

*Indus. Models v. SNF, Inc.*, 716 F.App'x. 949 (Fed. Cir. 2017)...................................... 7, 8, 10, 24

*Ingram v. United States*, 360 U.S. 672 (1959).............................................................................. 29

*Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667 (Tex. 1998) ......................................................... 28

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).................................................................... 3

*Jackson v. Dallas Indep. Sch. Dist.*, Civil Action No. 3:98-CV-1079-D, 1998 U.S. Dist. LEXIS 10328 (N.D. Tex. July 2, 1998)............................................................................................. 27

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008) ........................................ 2

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)................................................................ 4

*Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 U.S. Dist. LEXIS 97361 (E.D. Tex. June 10, 2016)............................................................................................................................... 27

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) ..................................... 7

*Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 2:13-cv-10108-GAD-MKM, 2013 U.S. Dist. LEXIS 202590 (E.D. Mich. Sep. 4, 2013) ................................................................... 21

*Love Terminal Partners, L.P. v. City of Dallas, Tex.*, 527 F. Supp. 2d 538 (N.D. Tex. 2007) .... 10

*Luminati Networks Ltd. v. UAB Tesonet et al.*, Case No. 2:18-cv-299, ECF 351 (E.D. Tex. Apr. 8, 2020)................................................................................................................................ 28

*Main Hastings Llc v. Mettler Elecs. Corp.*, No. 4:10-CV-616, 2011 U.S. Dist. LEXIS 171865 (E.D. Tex. June 2, 2011) ...................................................................................................... 20

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018)............................ 3

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995 (Fed. Cir. 2018)...................... 4

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) ....................... 14

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891 (Fed. Cir. 1998) ............... 13, 14, 16

*Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717 (5th Cir. 2013) .......................... 8, 9, 24

*NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371 (Fed. Cir. 2017) ........................... 2, 3

*NuVasive, Inc. v. Cadwell Indus., Inc.*, No. 12CV3065 JLS (JMA), 2013 U.S. Dist. LEXIS 192449 (S.D. Cal. Nov. 4, 2013)............................................................................................ 16

*Pizza Hut Inc. v. Papa John's Int'l Inc.*, 227 F.3d 489 (5th Cir. 2000)....................................... 17

*Pressure Products Med. Supplies, Inc. v. Quan Emerteq Corp.*, No. 9:06-CV-121, 2008 U.S. Dist. LEXIS 144416 (E.D. Tex. May 16, 2008) .................................................................... 10

iii

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993) ... 10, 11, 12, 13

*Rail Scale, Inc. v. Balanced Railscale Certification, LLC*, No. 2:15-CV-02117-RSP, 2017 U.S. Dist. LEXIS 8686 (E.D. Tex. Jan. 23, 2017) ......................................................................... 25

*Rogers v. Conair Corp.*, No. 10-1497, 2012 U.S. Dist. LEXIS 58110 (E.D. Pa. Apr. 24, 2012) 21

*Rozenblat v. Sandia Corp.*, No. 05-1556, 2006 U.S. App. LEXIS 6804 (Fed. Cir. Mar. 17, 2006) ............................................................................................................................................... 6

*RPC, Inc. v. Prudhomme*, No. 6:06cv152, 2007 U.S. Dist. LEXIS 3946 (E.D. Tex. Jan. 19, 2007) ............................................................................................................................................. 12

*Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889 (D. Minn. 2012) ............. 9

*Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) ................................................... 4

*Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 U.S. Dist. LEXIS 172645 (N.D. Tex. Dec. 29, 2015) ................................................................................................................... 25

*Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068 (E.D. Tex. Mar. 9, 2018) ............................................................................................. 17

*Tompkins v. Mag Instrument, Inc.*, No. 6:11-cv-80, 2011 U.S. Dist. LEXIS 102336 (E.D. Tex. Sept. 9, 2011) ................................................................................................................... 20, 21

*Two Moms and a Toy, Ltd. Liab. Co. v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213 (D. Colo. 2012) ........................................................................................................................................ 21

*Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, 762 F.3d 1338 (Fed. Cir. 2014) ......................... 11

*United Mine Workers v. Pennington*, 381 U.S. 657 (1965) ......................................................... 16

*Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075 (5th Cir. 1988) .. 8, 9, 13

*Virtue v. Creamery Package Mfg.*, 227 U.S. 8 (1913) ................................................................. 11

*Walden v. Fiore*, 571 U.S. 277 (2014) ......................................................................................... 3

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) ........................................ 27

*Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840 (E.D. Tex. 2002) ....................... 23

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585 (E.D. Tex. 2019) ........... 6

*We-Flex, LLC v. NBSP, Inc.*, No. H-11-1078, 2012 U.S. Dist. LEXIS 58154 (S.D. Tex. April 25, 2012) ........................................................................................................................................ 21

*West v. Quality Gold, Inc.*, No. 5:11-cv-02531-EJD, 2012 U.S. Dist. LEXIS 98700 (N.D. Cal. July 16, 2012) .......................................................................................................................... 19

*Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) ............................................................................... 2

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982) ............................................................................ 4

*Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) ........................................... 17

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 7

Fed. R. Civ. P. 4(k)(2) .................................................................................................................. 3

Fed. R. Civ. P. 8(a)(1) .................................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 7

## I.      INTRODUCTION

On August 13, 2020, Plaintiffs Teso LT, UAB, Metacluster LT, UAB, and Code200, UAB ("Teso" or collectively, "Plaintiffs") filed an Amended Complaint ("FAC," Dkt. No. 14) that still fails to allege facts supporting personal jurisdiction over Defendant Luminati Networks Ltd. ("Defendant" or "Luminati"), runs afoul of the *Noerr-Pennington* doctrine by improperly asserting a number of claims based upon Luminati's patent and non-patent infringement litigation before this Court, asserts numerous federally preempted state law claims, and fails to meet its pleading requirements for all claims by relying solely on conclusory allegations or legal conclusions masquerading as factual bases. Further, Plaintiffs' vague allegations and failure to even identify the source of most of the alleged "false statements" in the Complaint do not put Luminati on notice and cannot support the seven claims against Luminati.   Consequently, Luminati respectfully requests dismissal of all claims pursuant to Fed. R. Civ. P. 8(a), 12(b)(2) and/or 12(b)(6), or in the alternative, a more definite statement pursuant to 12(e).

## II.     STATEMENT OF THE ISSUES TO BE DECIDED

This Motion raises two issues:

(i)      Does the Court lack personal jurisdiction over Luminati when Luminati is a foreign corporation with its principal place of business located in Israel and Defendants have asserted no more than conclusory allegations that Luminati has directed false advertisements and false statements at issue in this lawsuit to customers and potential customers within the United States and the State of Texas; and

(ii)     Should the Court dismiss Plaintiffs' causes of action for failure to state a claim where the causes of action do not allege sufficient facts to plausibly show Plaintiffs' entitlement to relief and the *Noerr-Pennington* doctrine precludes them?

1

## III.   DEFENDANTS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(2) FOR LACK OF PERSONAL JURISDICTION OVER LUMINATI

### A.  *Legal Standard for Personal Jurisdiction*

Pursuant to Federal Rule of Civil Procedure 8(a)(1), "a pleading that states a claim for relief must contain…a short and plain statement of the of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

Federal Rule of Civil Procedure 12(b)(2) enables a defendant to move to dismiss a case for lack of personal jurisdiction. Courts "apply Federal Circuit law when reviewing claims 'intimately involved with the substance of the patent laws' and the law of the regional circuit when reviewing state law claims." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003)); *see also Apicore US LLC v. Beloteca, Inc.*, No. 2:19-CV-00077-JRG, 2019 U.S. Dist. LEXIS 65858, at *5-6 (E.D. Tex. Apr. 17, 2019) (quoting *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015)) ("Federal Circuit law governs personal jurisdiction where 'a patent question exists.'").

A plaintiff must make a *prima facie* showing of personal jurisdiction. In determining whether a plaintiff has done so, courts ask "'whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process.'" *NexLearn, LLC*, 859 F.3d at 1375 (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).  Personal jurisdiction under Fed. R. Civ. P. 4(k)(2) must also be "consistent with the United States Constitution and laws."

Federal due process requires that an out-of-state defendant must have sufficient "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018) (citing *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1785 (2017)). *See also Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) ("The words 'continuous and systematic' . . . were used . . . to describe situations in which the exercise of specific jurisdiction would be appropriate. . . . [J]urisdiction can be asserted where a corporation's in-state activities are not only 'continuous and systematic, but also give rise to the liabilities sued on.'"). A defendant's contacts are sufficient to meet the federal due process requirements if the court has general or specific jurisdiction over the defendant. *NexLearn, LLC*, 859 F.3d at 1375.

A court has general jurisdiction over a corporate defendant only when its "corporate operations within a state [are] so substantial and of such a nature" to justify suit based on activity entirely distinct from the alleged activities. *Daimler*, 571 U.S. at 127 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). The operations must be so continuous and systematic that the corporate defendant is "essentially at home in the forum State." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Helicopteros Nacionales de Colombia. v. Hall*, 466 U.S. 408, 414, n. 9 (1984)). Such contacts supporting general jurisdiction of a corporate defendant include the defendant being incorporated or having a principal place of business in the forum state. *Daimler*, 571 U.S. at 137; *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017).

The question of whether a court may exercise specific jurisdiction over a defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775

(1984)). The specific jurisdiction inquiry requires the court to engage in the following three-step analysis: "(1) whether the defendant ... purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "The plaintiff bears the burden as to the first two requirements, and if proven, the burden then shifts to the defendant to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018) (citations omitted).

### B. *Defendants' Complaint Should Be Dismissed Under 12(b)(2), Because Defendants Do Not Allege Facts Supporting Personal Jurisdiction Over Luminati*

Plaintiffs bear the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). Here Plaintiffs have failed to make a *prima facie* showing of personal jurisdiction. The basis for asserting jurisdiction is the alleged "[directing of] the false advertisements and false statements at issue in this lawsuit to customers and potential customers within the State of Texas" and filing of "meritless patent-infringement lawsuits against Oxylabs in the Eastern District of Texas." FAC at ¶ 8.

Plaintiffs fail to plead any facts sufficient to demonstrate systematic and continuous contacts by Luminati with Texas necessary to establish general jurisdiction. FAC at ¶¶ 8–9. The vague and conclusory facts about Defendants' contacts with Texas fall far short of the allegations necessary to support general jurisdiction, such as being incorporated in Texas or having its principal place of business in Texas, and Plaintiffs cannot justify the extension of general jurisdiction over Luminati. *Daimler*, 571 U.S. at 137.

4

Similarly, Plaintiffs have not pleaded facts sufficient to support specific jurisdiction based on the claims in the Complaint. Specifically, Plaintiffs do not plead facts demonstrating that Defendants' alleged in-state activities are not only continuous and systematic but also give rise to the liabilities sued on. *Daimler AG*, 571 U.S. at 138 ("The words 'continuous and systematic' . . . were used . . . to describe situations in which the exercise of specific jurisdiction would be appropriate.. . . [J]urisdiction can be asserted where a corporation's in-state activities are not only 'continuous and systematic, but also give rise to the liabilities sued on.'").

Plaintiffs assert vague and conclusory allegations that Defendants "directed the false advertisements and false statements at issue in this lawsuit to customers and potential customers within the State of Texas, including the Eastern District of Texas." FAC at ¶ 8. In the alternative, under Fed. R. Civ. Pro. 4(k)(2), Plaintiffs assert that Defendants "directed the false advertisements and false statements at issue in this lawsuit to customers and potential customers within United States." FAC at ¶ 9.  In neither case do Plaintiffs identify the purportedly "false advertisements and false statements" leaving Luminati in the dark as to the basis of its personal jurisdiction claims. To the extent Plaintiffs rely upon statements from the litigation filed in this Court, as addressed below, such statements are protected under the *Noerr-Pennington* doctrine and cannot serve as support for Plaintiffs' claims. FAC at ¶¶ 18–27. To the extent Plaintiffs rely upon Luminati's "patent marking" webpage, Plaintiffs identify no statements on that webpage directed toward this forum. FAC at ¶ 23. With regard to Plaintiffs' other purported false statements, Defendants provide no allegations identifying the source of the purported false statements or the purported recipients of such statements. FAC at ¶¶ 18, 22, 25.

There are no additional facts alleged to demonstrate *what* Defendants purportedly directed to customers and potential customers in the United States or Texas, and *how* Defendants' alleged

directing of false advertisements and false statements is continuous and systematic. Instead, Plaintiffs allege that the mere existence of Luminati's purported advertisements demonstrates that Defendants have purposely availed themselves of the privilege of conducting activities within this District. However, the court must be able to identify some act whereby Defendants "purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Complaint fails to provide any means for this Court to identify which alleged act (other than an online advertisement directed worldwide) by which Defendants purposely availed itself to this District.

Further, Plaintiffs allege that because Defendants previously initiated litigation in this District, Defendants have accepted personal jurisdiction in this action and thus, waived its personal jurisdiction challenge in this case. However, this Court has adopted the ruling in *Rozenblat v. Sandia Corp.*, No. 05-1556, 2006 U.S. App. LEXIS 6804 (Fed. Cir. Mar. 17, 2006) that found that a Defendant does not waive personal jurisdiction by appearing in a previous case filed in the District. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 594 (E.D. Tex. 2019). As such, Plaintiffs in this case cannot evade their burden to make a *prima facie* showing of personal jurisdiction. And as Plaintiffs have failed to plead facts to demonstrate that Defendants have sufficient continuous and systematic contacts with this District, a constitutional requirement for specific personal jurisdiction, the complaint also fails to satisfy the requirements for personal jurisdiction under Fed. R. Civ. P. 4(k)(2).  As the Complaint does not satisfy the requirements for general or specific personal jurisdiction, it should be dismissed under Rule 12(b)(2), or in the alternative Rule 8(a)(1).

## IV.   DEFENDANTS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS

### A.   *Legal Standard for Stating a Claim*

"[A] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A claim should be dismissed under Rule 12(b)(6) if a claimant fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss for failure to state a claim are governed by regional circuit law. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376 (Fed. Cir. 2017). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . [a]nd conclusory allegations and unwarranted deductions of fact are not admitted as true by a motion to dismiss." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (internal citations omitted).

"To survive a motion to dismiss for failure to state a claim, the facts as pleaded must allow the court to infer that the plaintiff's right to relief is plausible." *Indus. Models v. SNF, Inc.*, 716 F.App'x. 949, 955 (Fed. Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss the claim if, taking Plaintiff's well-pleaded allegations as true and resolving all reasonable inferences in its favor, Plaintiff fails to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

**B.  *Plaintiffs' Claims That Rely Upon Luminati's Patent Enforcement Activities Should Be Dismissed For Violating the Noerr-Pennington Doctrine***

**1.  The *Noerr-Pennington* Doctrine Provides Immunity to Plaintiffs' Claims (Counts I, III, IV, V, VI, VII) And Is a Basis For Dismissal**

While Plaintiffs do not identify the source of many of the alleged "false statements" in the Complaint and mischaracterize many other underlying facts in their allegations, to the extent that Plaintiff's causes of action rely upon Luminati's statements from other litigation, the *Noerr-Pennington* doctrine provides immunity, allowing Luminati to enforce its rights through the

7

Courts. It is apparent from the face of the pleading that the premises of many of Plaintiffs' claims including its unfair competition and false advertising claim (Count I), tortious interference claims (Counts III and IV), business disparagement claim (Count V), defamation claim (Count VI), and conspiracy claim (Count VII) appear to be based upon Luminati's engagement in "patent-infringement lawsuit[s]" and related patent enforcement activity. FAC at ¶¶ 18–22, 24–27.

The *Noerr-Pennington* "doctrine allows individuals or businesses to petition the government, free of the threat of antitrust liability, for action that may have anticompetitive consequences" even if the petition was motivated by anticompetitive intent. *Greenwood Utils. Com. v. Miss. Power Co.*, 751 F.2d 1484, 1497 (5th Cir. 1985); *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1082 (5th Cir. 1988). Specifically, the *Noerr-Pennington* doctrine protects Luminati's right to enforce its patents through the courts without threat of unfair competition claims. *Indus. Models*, 716 F.App'x at 955; *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012) ("[If] the complaint itself establishes the applicability of an [affirmative] defense . . . the issue then may be properly be the subject of a Rule 12(b)(6) motion[.]"); *see also Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *Indus. Models*, 716 F.App'x at 955–56.

Similarly, the *Noerr-Pennington* doctrine also provides immunity against other causes of action and has been the basis for dismissing claims including tortious interference, false advertising, and defamation, and would clearly also apply to the similar claim of disparagement. *See, e.g.*, *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1350 (Fed. Cir. 2014) (upholding dismissal of tortious interference claim based on patent infringement complaint under *Noerr-Pennington* doctrine despite also upholding dismissal of the same patent claims as invalid under 35 U.S.C. § 101); *Video Int'l Prod., Inc.*, 858 F.2d at 1084 (applying *Noerr-*

*Pennington* doctrine to tortious interference claims); *Gardner v. Clark*, 101 F. Supp. 2d 468, 473 (N.D. Miss. 2000) (dismissing antitrust claim on finding *Noerr-Pennington* applies to suits involving claims of trade mark infringement and false advertising); *Experience Hendrix, L.L.C. v. HendrixLicensing.com, Ltd.*, 766 F. Supp. 2d 1122, 1143-46 (W.D. Wash. 2011) (applying *Noerr-Pennington* doctrine to state law claims, including defamation); *Caixa Geral de Depositos, S.A. v. Rodrigues*, No. 03-746 (MLC), 2005 U.S. Dist. LEXIS 24339, at *33-*34 (D.N.J. June 29, 2005) (applying *Noerr-Pennington* to defamation claim).

In addition, the *Noerr-Pennington* doctrine also protects Luminati's related patent enforcement activity from Plaintiffs' unfair competition and other claims. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983) (rejecting argument that the *Noerr-Pennington* doctrine only applies to litigation directed to a government and finding the doctrine applicable to publications and threats to litigate, such as cease-and-desist letters ); *Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889, 896-900 (D. Minn. 2012) ("[T]he *Noerr-Pennington* doctrine immunizes pre-suit demand letters …"); *Video Int'l Prod., Inc.*, 858 F.2d at 1084 (expanding the *Noerr-Pennington* doctrine "to protect . . . from claims brought under federal and state laws, including . . . common-law tortious interference with contractual relations").

The *Noerr-Pennington* doctrine protects Luminati's ability to enforce its patent rights through the Court as well as related enforcement activities, including the use of demand letters and the publication of Luminati's patent enforcement efforts. FAC at ¶¶ 18–22, 24–27. Consequently, Plaintiffs' allegations regarding these statements should be disregarded as a basis for supporting Plaintiffs' causes of action.  Lacking other independent support for its claims, the dismissal of Plaintiffs' causes of action for unfair competition claim and false advertising (Count I), tortious interference claims (Counts III and IV), business disparagement claim (Count V), defamation

claim (Count VI), and conspiracy claim (Count VII), is appropriate under Rule 12(b)(6), or in the alternative Rule 8(a)(2). *BAC Home Loans Serv., L.P.*, 726 F.3d at 726; see *Indus. Models*, 716 F.App'x at 955-56 ("*Noerr-Pennington* immunity bars [] antitrust claims"); see *Halliburton*, 667 F.3d at 609 ("[If] the complaint itself establishes the applicability of an [affirmative] defense . . . the issue then may be properly be the subject of a Rule 12(b)(6) motion[.]"); *see also Love Terminal Partners, L.P. v. City of Dallas, Tex.*, 527 F. Supp. 2d 538, 550 (N.D. Tex. 2007) (A court may properly dismiss an action under Rule 12(b)(6) if "it is apparent from the face of plaintiff's complaint that defendants are entitled to *Noerr-Pennington* immunity.").

### 2.  Sham Litigation Is A Very Limited Exception to *Noerr-Pennington* That Does Not Apply Here

Sham litigation is a limited exception to *Noerr-Pennington* immunity. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). "In order to prevail, the antitrust Plaintiff must: (1) demonstrate that *Noerr-Pennington* immunity does not exist because it is a sham litigation, then (2) prove the elements of an antitrust action." *Pressure Products Med. Supplies, Inc. v. Quan Emerteq Corp.*, No. 9:06-CV-121, 2008 U.S. Dist. LEXIS 144416, at *6 (E.D. Tex. May 16, 2008) (citing *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60-61). The Supreme Court has defined a sham litigation as follows:

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr* and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals an attempt to interfere *directly* with the business relationships of a competitor, through the use [of] the governmental *process* -- as opposed to the outcome of that process -- as an anticompetitive weapon[.] This two-tiered process requires the plaintiff to disprove the challenged lawsuit's *legal* viability before the court will entertain evidence of the suit's *economic* viability.

*Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60-61 (emphasis in original) (internal citations omitted). "Of course, even a plaintiff who defeats the defendant's claim to *Noerr* immunity by demonstrating both the objective and subjective components of a sham must still prove a substantive antitrust violation." *Id*. at 61.

With regard to the first step, in their Amended Complaint Plaintiffs have done no more than make a conclusory allegation that Luminati "knows that its patents do not cover Oxylabs products and/or are invalid." FAC at ¶ 16. Plaintiffs include no allegations identifying any basis for Luminati's patents being invalid or not infringed, much less any basis for Luminati to purportedly know this to have been the case. Rather Plaintiffs appear to improperly imply that the claims are meritless based on the settlement and dismissal of the first action between the parties. FAC at ¶¶ 18–19, 25–26.

"[G]iven the presumption of validity and the burden on the patent challenger to prove invalidity by clear and convincing evidence, it will be a rare case in which a patentee's assertion of its patent in the face of a claim of invalidity will be so unreasonable as to support a claim that the patentee has engaged in sham litigation." *Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, 762 F.3d 1338, 1345 (Fed. Cir. 2014). "The law recognizes a presumption that the assertion of a duly granted patent is made in good faith, *see Virtue v. Creamery Package Mfg.*, 227 U.S. 8, 37-38 (1913); this presumption is overcome only by affirmative evidence of bad faith." *C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340, 1369 (Fed. Cir. 1998). Plaintiffs have provided no basis for their conclusory allegation of bad faith, which cannot support the pleading requirements for alleging sham litigation. FAC at ¶ 18.

Nor can Plaintiffs plead without supporting facts the mere (false) conclusion that Luminati knows that its patent enforcement claims are "meritless."  FAC at ¶¶ 1, 8–9, 16, 18–19, 25, 27.

There are no facts supporting the notion that Luminati's infringement claims are objectively baseless, and more importantly, they are protected by the *Noerr-Pennington* doctrine. *RPC, Inc. v. Prudhomme*, No. 6:06cv152, 2007 U.S. Dist. LEXIS 3946, at * 12 (E.D. Tex. Jan. 19, 2007).

Conclusory statements are insufficient to meet the *Twombly* pleading standard and Plaintiffs cannot plausibly allege that "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60. In fact, Plaintiffs' Amended Complaint contains no more than "conclusory allegations or legal conclusions masquerading as factual conclusions" that Luminati brought "meritless" patent-infringement claims against Oxylabs and Luminati allegedly "knows" its patents are invalid and not infringed, yet Plaintiffs plead no facts in support. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); FAC at ¶¶ 1, 8–9, 16, 18–19, 25, 27.  Plaintiffs refer to their expert report and unadjudicated motion for summary judgment from the First Lawsuit, and non-infringement contentions from the current pending cases without including any allegations for why Luminati's infringement claims were allegedly meritless, much less any basis for Luminati to have known that the patent infringement claims were meritless. FAC at ¶ 19.  Plaintiffs' "continued iteration that the [Defendants'] actions are objectively baseless does not make them so." *721 Bourbon, Inc. v. Willie's Chicken Shack, LLC,* No. 19-9069-WBV-MBN, 2020 U.S. Dist. LEXIS 20044, at *10-11 (E.D. La. Feb. 6, 2020) (granting dismissal of counterclaims after finding that "the fact that the plaintiff owns a registered trademark and has taken steps to protect that trademark—before and by filing this lawsuit" supports rejecting defendants' argument for sham litigation).

Plaintiffs' overbroad, insufficiently pleaded, and conclusory facts cannot show Luminati's lawsuit to be "objectively baseless." *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60. As such, and in accordance with controlling case law, the question of Luminati's subjective motivation need

not be examined. *Id.* ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation."); *see Bartex Research, LLC v. FedEx Corp.*, No. 6:07-cv-385-LED-JDL, 2011 U.S. Dist. LEXIS 62107, at *13-14 (E.D. Tex. June 10, 2011) ("[Defendant] has failed to produce clear and convincing evidence that [plaintiff's] proposed claim constructions were objectively baseless; therefore, a determination of whether [plaintiff] raised these arguments in subjective bad faith is not appropriate."); *Bedrock Comput. Techs. v. Yahoo! Inc.*, No. 6:09cv269-LED-JDL, 2011 U.S. Dist. LEXIS 171533, at *6 (E.D. Tex. Sep. 30, 2011) ("Subjective bad faith may be shown by wrongful intent, recklessness, or gross negligence. However, the Supreme Court has stated that '[o]nly if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.'") (quoting *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60)).

Had Plaintiffs pled facts supporting objective baselessness, which they have not, Plaintiffs would still need to plead that Luminati met the subjective requirement of sham litigation that Luminati sought to achieve its goals "through the use [of] the governmental process -- as opposed to the outcome of that process." *Prof'l Real Estate Investors, Inc.*, 508 U.S. at 60–61. They have not. Consequently, Counts I, III, IV, V, VI, and VII should be dismissed under the *Noerr-Pennington* doctrine. *See Video Int'l Prod., Inc.*, 858 F.2d at 1084 (applying the *Noerr-Pennington* analysis to common-law tort claims, because "it [is] easy to agree that the same rationale under antitrust law that supports [the defendant's] petition . . . also serves to protect [the defendant] from the tort claim").

### C.  *Plaintiffs' State Law Claims (Counts III–VII) Are Preempted by Federal Patent Law*

A patent holder, "acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights even though [it] may misconceive what those rights are." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) (quotation marks

omitted). Thus, state law claims "against a patent holder . . . based on enforcing a patent in the marketplace[] are 'preempted' by federal patent laws, unless the claimant can show that the patent holder acted in 'bad faith' in the publication or enforcement of its patent." *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008); *see also Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004) ("We have held that federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation."); *Mikohn*, 165 F.3d at 894 ("[A] notice of patent rights that is protected under federal law cannot be held violative of state law on a different legal standard."); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state remedy, which must be preempted for conflict with federal patent law."), overruled on other grounds by *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-59 (Fed. Cir. 1999).[1]

"The purpose of the bad-faith requirement is to permit the patent-holder to assert his rights (in good faith) without fear that he might thereby violate . . . state tort laws." *Fisher Tool Co. v.*

---

[1] In the absence of bad faith, preemption clearly applies to claims of tortious interference (Counts 3–4), business disparagement (Count V), Defamation (Count VI), and Conspiracy (Count VII), including claims premised on demand letters, advertising, patent marking, and litigation as described in Plaintiffs' Amended Complaint. *See, e.g.*, *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1258-1260 (Fed. Cir. 2008) (finding that federal patent law preempted unfair competition claims as well as tortious interference claims based on competitor's third-party letters asserting patent infringement); *Hunter Douglas*, 153 F.3d at 1336 ("[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith."); *Mikohn*, 165 F.3d at 898 (holding that the assertion of patent rights "by direct notice to potential infringers or by publicity release, does not support a finding of bad faith"); *Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1331 (S.D. Fla. 2008) ("[T]he issuance of a press release is consistent with the Federal Circuit's well-established precedent that 'federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith'").

*Gillet Outillage*, 530 F.3d 1063, 1068 (9th Cir. 2008). Thus, "[t]he law recognizes a presumption that the assertion of a duly granted patent is made in good faith; this presumption is overcome only by affirmative evidence of bad faith." *C.R. Bard*, 157 F.3d at 1369; *see also Golan v. Pingel Enter.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) (reciting "a presumption that the assertion of a duly granted patent is made in good faith"). The affirmative evidence of bad faith must be "clear and convincing" to overcome preemption. *800 Adept*, 539 F.3d at 1370.

"Bad faith includes separate objective and subjective components." *Dominant Semiconductors*, 524 F.3d at 1260. The objective component requires plausible allegations that the assertion of patent infringement was "objectively baseless," such that "no reasonable litigant could realistically expect success on the merits." *GP Indus. v. Eran Indus.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007). If such evidence is sufficient, the court then turns to the second component, asking whether the patent holder acted in subjective bad faith.

The Amended Complaint does not plausibly allege bad faith. First, for the same reasons set forth in the discussion of the *Noerr-Pennington* doctrine above, Plaintiffs' allegations that Luminati's patent infringement claims are objectively baseless are conclusory, insufficient, and false. That Plaintiffs' counsel have repeatedly denied validity and infringement of the asserted patents (FAC ¶¶ 19–20), demonstrates nothing more than Plaintiffs' own subjective view of the litigation; it says nothing whatsoever of the objective merit in Luminati's patent claims. No tribunal has ever vindicated Plaintiffs' view of the asserted patents, and therefore, Plaintiffs' letters and filings have no bearing whatsoever on the assessment of objective baselessness. The unvindicated writings of Plaintiffs' counsel are not clear and convincing evidence of anything.

Second, and even more clearly, the Amended Complaint does not plausibly allege that Defendants acted in subjective bad faith. Instead, Plaintiffs baldly state, for example, that

Defendants' "motivation for . . . false claim[s] is to deceive." FAC, ¶ 22. Such allegations are quintessentially rote and impermissible under *Twombly* and *Iqbal*. The only other allegations that might pertain to subjective bad faith recite a "desire to harm Oxylabs," to "weaken Oxylabs," and "take Oxylabs out of business." FAC at ¶ 27. These allegations of anticompetitive motivation are, not only impermissibly conclusory and therefore ignored pursuant to *Twombly* and *Iqbal*, but moreover, even if these anticompetitive allegations could be credited, they are non sequitur to the assessment of subjective bad faith, because "a competitive commercial purpose" is not by itself improper. *Mikohn*, 165 F.3d at 897; *see also, e.g.*, *NuVasive, Inc. v. Cadwell Indus., Inc.*, No. 12CV3065 JLS (JMA), 2013 U.S. Dist. LEXIS 192449, at *11-13 (S.D. Cal. Nov. 4, 2013) (dismissing complaint for lack of bad faith because "the essence of [Plaintiff's] unfair competition claims is that [Defendant] tried to use the threat of patent litigation to coerce [Plaintiff] into a draconian agreement that was not in its best interests"). "At most, [Plaintiffs'] pleading indicates that [Defendants'] patent infringement allegations were motivated by a desire to obtain an advantage over its competitors," *which simply is not an allegation of subjective bad faith* as a matter of law. *NuVasive*, 2013 U.S. Dist. LEXIS 192449, at *11–13; *see also United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965).

Because the Amended Complaint plausibly alleges neither objective bad faith nor subjective bad faith, each of the state law claims, Counts III–VII, are preempted by federal law, and dismissal is required.

**D.** ***Plaintiffs' Lanham Act Claim Should Be Dismissed Because It Fails to Satisfy The Pleading Requirements***

Even if the Court were to find that federal preemption and the *Noerr-Pennington* doctrine do not apply in this case, Plaintiffs' claim under the Lanham Act fails to satisfy the pleading requirements of 8(a)(2) and/or 12(b)(6). Plaintiffs' Lanham Act claim provides no more than

conclusory allegations leaving Luminati without notice as to the basis of this claim. FAC at ¶¶ 33–38. For this reason alone, the claim should be dismissed under 12(b)(6) and/or Rule 8(a)(2), or in the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

"The Fifth Circuit has held that the elements for a false advertising claim under the Lanham Act are: (1) a false or misleading statement of fact about a product; (2) such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers; (3) the deception is material, in that it is likely to influence the consumer's purchasing decision; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue." *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068, at *30 (E.D. Tex. Mar. 9, 2018) (citing *Pizza Hut Inc. v. Papa John's Int'l Inc.*, 227 F.3d 489 (5th Cir. 2000)). "The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim." *Pizza Hut, Inc.*, 227 F.3d at 495.

The Federal Circuit has also stated that "before a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have been undertaken in bad faith." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999).

Plaintiffs do not identify the basis for their false advertising claim against Luminati. FAC at ¶¶ 33–38. To the extent that it is based on the patent litigation and related enforcement, such claims are barred under the *Noerr-Pennington* doctrine as addressed above. FAC at ¶¶ 18–27. To the extent that Plaintiffs are relying upon the quoted statements in paragraph 21 of the Amended Complaint, Plaintiffs identify no source for the purported statements, the receiver of the purported

statements, the purported basis for the statements being false, that the statements had the capacity to deceive a substantial segment of potential consumers, or that the deception is material.

Other than the patent litigation, the only source identified by Plaintiffs is Luminati's "patent marking" webpage, which is identified by a URL. FAC at ¶ 23. Plaintiffs allege that this page lists fifteen United States patents and "falsely claims that '[a]ll Luminati's products are covered by the patents. . . . This claim is false because, at a minimum, not 'all' of Luminati's products are covered by *all* of the listed patents." *Id.* (emphasis added). However, Plaintiffs' interpretation of the quoted sentence is clearly contrary to the express quoted language, which does not say "[a]ll Luminati's products are covered by [all] the patents." To state that some Luminati products are covered by some patents, while other Luminati products are covered by different patents is consistent with the quoted language and not false or misleading. What is more notable is that, while incorrect, Plaintiffs do not allege that such a statement has the capacity to deceive or is material, in that it is likely to influence the consumer's purchasing decision.

Plaintiffs' claim for false advertising should also be dismissed as Plaintiffs do not have prudential standing to sue under the Lanham Act and the claim fails to satisfy the pleading requirement for competitive injury under the Lanham Act. "[O]nly persons who have suffered a commercial injury as a result of anti-competitive conduct have prudential standing under the Lanham Act." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011). Plaintiffs allege that Luminati's patent enforcement activity is anti-competitive conduct. As previously discussed, Luminati is entitled to enforce its patent rights under the *Noerr-Pennington* doctrine against its infringers. There is no anti-competitive conduct which is required for Plaintiffs to have prudential standing under the Lanham Act. Consequently, any "commercial injury" Plaintiffs allege is not due to any "anti-competitive conduct" but as a result of a patent owner

enforcing its rights against patent infringers. Plaintiffs clearly do not have prudential standing to sue under the Lanham Act and as such their false advertising claims should be dismissed.

Even if the Court were to find that Plaintiffs sufficiently alleged "anti-competitive conduct," Plaintiffs still fail to establish that they have prudential standing under the Lanham Act. The Fifth Circuit "employ[s] a five-factor test to determine whether a plaintiff has prudential standing under the Lanham Act:

> (1) the nature of the plaintiff's alleged injury: Is the injury "of a type that Congress sought to redress in providing a private remedy for violations of the antitrust laws"?; (2) the directness or indirectness of the asserted injury; (3) the proximity or remoteness of the party to the alleged injurious conduct; (4) the speculativeness of the damages claim; and (5) the risk of duplicative damages or complexity in apportioning damages."

*Harold H. Huggins Realty, Inc.*, 634 F.3d at 796-97.

Plaintiffs merely state that the "false" statements by Luminati "deceive the public, customers, and potential customers." FAC at ¶ 22. In fact, Plaintiffs do not state any alleged injury other than citing to legal fees they incurred as a result of patent infringement lawsuits, in which they are the accused infringers. FAC at ¶¶ 18–27. This alleged injury is not a logical result of the alleged "false" statements that Luminati advertises on its web pages. In fact, there is no mention of any injury Plaintiffs suffered as a result of Luminati's alleged "false" statements. Thus, Defendants can only speculate as to Plaintiffs' alleged competitive injury. It is clear therefore that Plaintiffs have no standing to bring a false advertising claim under the Lanham Act, and accordingly Count I should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2).[2] In the

---

[2] Dismissal of the Lanham Act claim, Count I, is also required for failure to plausibly allege bad faith as set forth above in relation to preemption of the state law claims.  Specifically, Plaintiffs cannot avoid the intent-to-deceive requirement of the false patent marking statute by refashioning their claim under the Lanham Act, "based solely upon the same conduct that gives rise to a § 292 false marking claim." *West v. Quality Gold, Inc.*, No. 5:11-cv-02531-EJD, 2012 U.S. Dist. LEXIS 98700, at *15 (N.D. Cal. July 16, 2012).  To avoid preemption by § 292, a Lanham Act claim

alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e). Plaintiffs' unfair competition claim under the Lanham Act should be dismissed for the same reasons.

### E.  *Plaintiffs' False Patent Marking Claim Fails To Satisfy The Pleading Requirements And Should Be Dismissed*

As discussed above, Plaintiffs fail to allege facts demonstrating that Luminati made a false statement regarding its patents, much less facts showing that Luminati acted with the intent to deceive the public. FAC at ¶¶ 23, 39–41. Consequently, this claim should be dismissed.

"The false marking statute, 35 U.S.C. § 292(a), prohibits the false marking of a product with a patent for the purpose of deceiving the public. A claim for false marking thus requires Plaintiffs to demonstrate that Defendants acted with an intent to deceive the public. "'Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true.'" *Main Hastings Llc v. Mettler Elecs. Corp.*, No. 4:10-CV-616, 2011 U.S. Dist. LEXIS 171865, at *4 (E.D. Tex. June 2, 2011) (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)). "Under Rule 9(b) in a false marking case, Plaintiff must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Id.* (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). "To establish knowledge of falsity, a relator must demonstrate 'that the party accused of false marking did not have a reasonable belief that the articles were properly marked (*i.e.*, covered by a patent).'" *Tompkins v. Mag Instrument, Inc.*, No. 6:11-cv-80, 2011 U.S.

---

relying on false marking must plausibly allege objective and subjective bad faith, which Plaintiffs fail to do for the same reasons set forth in Section C, *supra*.

Dist. LEXIS 102336, at *6 (E.D. Tex. Sept. 9, 2011) (*quoting Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352-1353 (Fed. Cir. 2005)).

Plaintiffs' Complaint is devoid of any alleged facts showing Luminati's intent to deceive the public. Instead, Plaintiffs assert the conclusory allegation that Luminati "knows" that its patents are invalid and as such Luminati's "patent marking" web page supports Plaintiffs' claim for false patent marking. FAC at ¶¶ 18, 23. Patents are entitled to a presumption of validity under 35 U.S.C. § 282, and Plaintiffs have alleged no facts contrary to that presumption. In addition, the Complaint "contains only generalized allegations that Defendants acted with an intent to deceive the public. The Federal Circuit specifically rejected such allegations in *BP Lubricants*." *Tompkins*, 2011 U.S. Dist. LEXIS 102336, at *7 (citing *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011)).

Count II is also subject to dismissal for lack of standing for failure to plead a competitive injury as set forth above with respect to the Lanham Act claim in Section D, *supra*.  Specifically, a false patent marking "complaint needs to provide actual instances of cognizable injury, not just a list of potential harms, as well as facts suggesting that the harm claimed was the result of false marking." *We-Flex, LLC v. NBSP, Inc.*, No. H-11-1078, 2012 U.S. Dist. LEXIS 58154, at *20 (S.D. Tex. April 25, 2012). The competitive injury must be alleged with particularity pursuant to Rule 9(b). *Id.* at *12 n.26. "The fact that the parties are in competition and *may* suffer an injury is not enough to satisfy the new st[anding] requirement; an injury is necessary." *Id.* at *23 n.46 (emphasis added); *see also, e.g.*, *Two Moms and a Toy, Ltd. Liab. Co. v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1218 (D. Colo. 2012) (dismissing because plaintiff "has not alleged actual competitive injury; it has only asserted that it could lose or that it could have already lost potential licensees"); *Rogers v. Conair Corp.*, No. 10-1497, 2012 U.S. Dist. LEXIS 58110, at *16 (E.D. Pa.

21

Apr. 24, 2012) (dismissing because allegations of "lost sales and competitive disadvantage," without more specifics, does not suffice to plead competitive injury); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 2:13-cv-10108-GAD-MKM, 2013 U.S. Dist. LEXIS 202590, at *6 (E.D. Mich. Sep. 4, 2013) (dismissing because the plaintiff merely alleged that the defendant's false marking gave the defendant a competitive advantage, and thus failed to plead competitive injury); *Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A(F), 2011 U.S. Dist. LEXIS 146553, at *32-33 (W.D.N.Y. Dec. 21, 2011) (finding an insufficient competitive injury pleading where the claimants only generally alleged that they had been "competitively injured"); *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 624 (D. Del. 2014) (finding insufficient allegations that the defendant competed with the plaintiffs in the small market for laundry products and false marking caused them to suffer "lost sales, loss of market share, loss of business opportunities, and loss of good will," but the complaint failed to identify specific instances of competitive injury).  The Amended Complaint does not even attempt to set out a specific, particularized injury that Plaintiffs suffered as a result of purported false patent marking.  FAC at ¶¶ 22–24.  Clearly, Plaintiffs have not satisfied the standing requirement for § 292, and therefore, the false patent marking claim should be dismissed.

Without any supporting evidence, Defendants have no means of responding to Plaintiffs' false patent marking claim. As Plaintiffs have failed to plead any facts sufficient for the Court to reasonably infer Plaintiffs suffered a competitive injury or that Defendants acted with the requisite state of mind, Plaintiffs' false patent marking claim (Count II) should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### F.   *Plaintiffs' Tortious Interference With Existing Contract Claim Fails To Satisfy The Pleading Requirements And Should Be Dismissed*

Plaintiffs' Count III should be dismissed as Plaintiffs have failed to satisfy the pleading requirements for a claim of tortious interference with an existing contract claim. "To establish a case of wrongful interference with an existing business contract, a party must allege: '(1) a contract existed that was subject to interference; (2) the act of interference was willful and intentional; (3) such intentional act was a proximate cause of the plaintiff's damages; and (4) actual damages or loss occurred.'" *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-00358, 2020 U.S. Dist. LEXIS 110355, at *7-8 (E.D. Tex, June 24, 2020) (quoting *Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840, 849 (E.D. Tex. 2002)). In fact, when a plaintiff "fail[s] to allege any facts that specified any contract or breach of contract that could have been used to infer the existence of a contract" a motion to dismiss should be consequently granted. Further, when a "plaintiff simply alleged that 'some' of its customers refused to purchase their products because of the defendant's letters" a finding that "the use of the word 'some' does not identify plaintiff's customers or their contracts with any specificity" was appropriate. *Gibson Brands, Inc.*, 2020 U.S. Dist. LEXIS 110355, at *8–9.

Plaintiffs have made no more than conclusory allegations in support of this claim. FAC at ¶¶ 42–46. Plaintiff have not identified any contract with which Luminati "interfered" or the nature of such alleged "interference." FAC at ¶¶ 42–46. Further, nowhere in the Complaint do Plaintiffs identify any customers with specificity. FAC at ¶¶ 1, 18, 22 ("Oxylabs' customers and potential customers"). Plaintiffs instead reiterate that Defendants allegedly interfered with its "customers and potential customers," without distinguishing between Luminati and the other defendant, and that Plaintiffs incurred some actual damage or loss, although Plaintiffs do not even allege what that loss may be. As Plaintiffs have failed to identify their customers, their contracts, the interference, or their loss with any specificity, Count III should be dismissed under Rule 12(b)(6)

and/or Rule 8(a)(2).  In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### G. *Plaintiffs' Tortious Interference With Prospective Relations Claim Fails To Meet The Pleading Requirements And Should Be Dismissed*

Plaintiffs' tortious interference with prospective relations claim should be similarly dismissed as Plaintiffs have made no more than conclusory allegations in support of this claim. FAC at ¶¶ 47–52.  In addition to lacking any allegations identifying any prospective relations with which Luminati allegedly interfered, Plaintiffs fail to demonstrate that Luminati's alleged conduct was independently tortious or unlawful, as required by Texas law. *Cedra Pharm. Houston, L.L.C. v. UnitedHealth Grp., Inc.*, 798 F.App'x 826, 827 (5th Cir. 2020) ("To state a claim for tortious interference with prospective business relations under Texas law, a plaintiff must allege, among other things, that the defendant's conduct was independently tortious or unlawful.")

Plaintiffs have not alleged any independently tortious or unlawful conduct by Luminati. However, even if Plaintiffs are alleging that Luminati's patent enforcement lawsuits and Luminati's patent marking page are independently tortious, the two "conducts" by Luminati still are not independently tortious or unlawful under Texas law. First, as discussed above, the *Noerr-Pennington* doctrine protects Luminati's right to enforce its patents through the courts. *Indus. Models*, 716 F.App'x at 955-56; *Halliburton*, 667 F.3d at 609; *see also BAC Home Loans Serv., L.P.*, 726 F.3d at 726. Initiating a patent enforcement lawsuit against patent infringers is not an unlawful conduct under any law. In addition, as Plaintiffs' false marking claim has failed to meet its Rule 9(b) particularity requirement, Plaintiffs' reference to an insufficiently pleaded false marking claim cannot suffice as a proper demonstration of an unlawful act for this claim of tortious interference with prospective relations. *See In re BP Lubricants*, 637 F.3d at 1311 ("Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b)

24

would sanction discovery and adjudication of claims that do little more than speculate that the defendant engaged in more than negligent action.").

In addition to lacking any specificity in the "prospective relations" with which Luminati allegedly interfered, Plaintiffs have failed to allege with specificity any independently tortious or unlawful conduct by Luminati. Accordingly, Plaintiffs have not sufficiently stated a claim for tortious interference with prospective business relations under Texas law, and Plaintiffs' Count IV should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

## H. *Plaintiffs' Business Disparagement Claim Fails To Meet The Pleading Requirements And Should Be Dismissed*

Plaintiffs have failed to plead sufficient facts to state a claim for business disparagement. FAC at ¶¶ 53–56.  "[T]he five general elements of a claim for business disparagement under Texas law [are] '(1) publication by the defendant of the disparaging words, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages.'" *Rail Scale, Inc. v. Balanced Railscale Certification, LLC*, No. 2:15-CV-02117-RSP, 2017 U.S. Dist. LEXIS 8686, at *10-11 (E.D. Tex. Jan. 23, 2017) (quoting *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 U.S. Dist. LEXIS 172645, at *8-9 (N.D. Tex. Dec. 29, 2015)).

As addressed above, Plaintiffs have not alleged statements that can support this claim at least because of federal preemption and the protections afforded by the *Noerr-Pennington* doctrine with regard to Luminati's patent litigation and related enforcement activities. FAC at ¶¶ 18–27. In addition, Plaintiffs have included no allegations identifying disparaging words, publications from Luminati containing such words, facts supporting the falsity of such words, or malice behind such words. *Id*.

25

Plaintiffs have also failed to plead special damages with specificity. "To prove special damages, a plaintiff must provide evidence 'that the disparaging communication played a substantial part in inducing third parties not to deal with the plaintiff, resulting in a direct pecuniary loss that has been realized or liquidated, such as specific lost sales, loss of trade, or loss of other dealings.'" *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (granting defendants' motion to dismiss plaintiff's claim for business disparagement). In *Encompass Office Solutions*, this Court granted defendants' motion to dismiss plaintiff's claim for business disparagement because "the only allegation" in the complaint relating to special damages was that "the publication of these statements has caused [plaintiff] to suffer lost profits and lost goodwill/business reputation." *Id.* The Court found that this "conclusory statement, void of any supporting facts, is not sufficient to support a claim for business disparagement." *Id.* (quoting *Iqbal*, 556 U.S. at 678) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Like *Encompass Office Solutions*, Plaintiffs in this case have supplied similar or nearly identical conclusory statements of alleged damages, void of any supporting facts. Plaintiffs merely state that they incurred "special damages, including but not limited to lost revenues and profits." FAC at ¶ 56. There are no supporting facts related to the alleged special damages. As such, and in accordance with this Court's ruling in *Encompass Office Solutions*, Plaintiffs' claim of business disparagement (Count V) should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2).   In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

**I.   *Plaintiffs' Defamation Claim Fails To Meet The Pleading Requirements And Should Be Dismissed***

Similarly, Count VI of the Complaint should be dismissed, as Plaintiffs have failed to plead more than conclusory facts for a defamation claim brought under Texas law. FAC at ¶¶ 57–61.

"Texas law establishes the following elements to state an actionable claim of defamation: (1) publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damages." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). In addition, this Court has previously ruled that a "defamation claim must also 'state the time and place of the publication.'" *Accresa Health LLC v. Hint Health, Inc.*, Civil Action No. 4:18-cv-00536, 2020 U.S. Dist. LEXIS 90064, at *15-16 (E.D. Tex. May 22, 2020) (quoting *Jackson v. Dallas Indep. Sch. Dist.*, Civil Action No. 3:98-CV-1079-D, 1998 U.S. Dist. LEXIS 10328, at *13 (N.D. Tex. July 2, 1998) (internal marks omitted)). Accordingly, a sufficiently pleaded claim of defamation should include the allegations of "who published the allegedly defamatory statements and when." *Id.* at *16.

As with disparagement, Plaintiffs have not alleged statements that can support this claim at least because of federal preemption and the protections afforded by the *Noerr-Pennington* doctrine with regard to Luminati's patent litigation and related enforcement activities. FAC at ¶¶ 18–27. In addition, Plaintiffs have included no allegations identifying a publication of a false statement of fact to a third party, that the false statement concern Plaintiffs and be defamatory, that Luminati acted with requisite degree of fault in making the publication, or that the publication caused damage to Plaintiffs.  *Id.*

Plaintiffs make general and conclusory allegations in an attempt to support their insufficiently pleaded claim of defamation. FAC at ¶¶ 21–22. *See Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 U.S. Dist. LEXIS 97361, at *14 (E.D. Tex. June 10, 2016) ("[Plaintiff] does not specifically allege which 'published statement' [defendant] made that constitutes defamation.

27

On this basis alone, [plaintiff] failed to plead sufficient factual details to support his defamation claim."); *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6) (internal quotations omitted). To the extent that Plaintiffs rely on their allegation that Luminati misrepresented the resolution of the First Lawsuit (FAC at ¶ 21), the Court may take judicial notice that it has already found with regard to Plaintiffs' press releases that "Teso has engaged in intentional misrepresentations and mischaracterizations via half-truths that violated the terms and spirit of the confidential settlement that resolved this case." *Luminati Networks Ltd. v. UAB Tesonet et al.*, Case No. 2:18-cv-299, ECF 351, at *2 (E.D. Tex. Apr. 8, 2020).

As it is apparent that Plaintiffs have failed to meet the pleading requirements for a defamation claim, Count VI of the Complaint should be dismissed under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

### J. *Plaintiffs' Conspiracy Claim Fails To Meet The Pleading Requirements And Should Be Dismissed Under Rule 12(b)(6)*

Plaintiffs have not pleaded sufficient facts to support their claim of conspiracy, and accordingly, Count VII should be dismissed. FAC at ¶¶ 62–67. "To state a claim for civil conspiracy, a plaintiff must allege: (1) a combination of two or more persons; (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) the plaintiff suffered injury as a proximate result of the wrongful act." *Butowsky v. Folkenflik*, Civil Action No. 4:18CV442, 2019 U.S. Dist. LEXIS 104297, at *40-41 (E.D. Tex. Apr. 17, 2019) (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998)). "Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Homoki v. Conversion Servs.*,

717 F.3d 388, 402 (5th Cir. 2013). Plaintiffs' Complaint is devoid of (1) any facts demonstrating a meeting of the minds; (2) any facts demonstrating one or more unlawful, overt acts; and (3) any specified facts demonstrating injury as a proximate result of the wrongful act.

Plaintiffs do not adequately allege an "agreement" under the *Twombly* standard under their conspiracy claim. *Ingram v. United States*, 360 U.S. 672, 677-78 (1959) ("It is fundamental that a conviction for conspiracy . . . cannot be sustained unless there is proof of an agreement."). Plaintiffs also do not plead any specific allegations of an agreement among competitors including the specific time, place or persons involved in the alleged agreement(s). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007).  The allegations are conclusory in nature and insufficient to create a plausible inference of an agreement between Luminati and EMK. In fact, Plaintiffs' entire conspiracy claim is based upon the allegation that Luminati operates "at EMK's control and direction." FAC at ¶¶ 18, 27. However, as a matter of law, Plaintiffs cannot demonstrate a combination or conspiracy, as courts have consistently rejected the "intra-enterprise conspiracy doctrine." *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 771 (1984); *see Hood v. Tenneco Texas Life Ins. Co.*, 739 F.2d 1012, 1015 (5th Cir. 1984) (quoting same).

Further, Plaintiffs rely on mere conclusory allegations of unlawful acts to bring forth their conspiracy claim. Plaintiffs allege that Luminati conspired with EMK, because "at EMK's control and direction" Luminati conducted an unlawful act by pursuing patent infringement lawsuits against infringers. Again, Luminati is entitled to enforce its patent rights under the *Noerr-Pennington* doctrine and as such, Plaintiffs cannot plead any facts alluding to an unlawful, overt act as required for its conspiracy claim.

Lastly, Plaintiffs have failed to meet the pleading requirements of their conspiracy claim, because the Complaint fails to identify with specificity any injury Plaintiffs suffered as a proximate

result of Luminati's enforcement of its patent rights. It is unclear from the Complaint how "Oxylabs suffered injury as a proximate result of" Luminati's patent infringement lawsuits. FAC at ¶ 67. There is no mention of a specified allegation of damages, loss, or injury. The Complaint instead reiterates the general statement alleging that Plaintiffs suffered some type of unknown injury. FAC at ¶ 67. As it is apparent that Plaintiffs have failed to plead sufficient facts to support their claim of conspiracy, Count VII should be dismissed in its entirety under Rule 12(b)(6) and/or Rule 8(a)(2). In the alternative, Plaintiffs should be required to provide a more definitive statement under Rule 12(e).

## V.   CONCLUSION

For the reasons provided above, Luminati respectfully requests that the Court grant this Motion to Dismiss Plaintiff's Amended Complaint in its entirety under Rule 12(b)(2) or 12(b)(6), or in the alternative, order Plaintiffs to produce a more definite statement addressing the above deficiencies under 12(e).


Dated:  August 28, 2020                    By: _/s/ Korula T. Cherian_
                                           Mark Mann
                                           Mann | Tindel | Thompson
                                           300 West Main
                                           Henderson, TX 75652
                                           mark@themannfirm.com
                                           Office 903-657-8540
                                           Cell 903-658-0401
                                           Marshall Office 903-472-4294
                                           Tyler Office 903-596-0900
                                           Waco Office 254-776-3336

                                           Korula T. Cherian
                                           Robert Harkins
                                           CA State Bar No. 179525
                                           RuyakCherian LLP
                                           1936 University Ave, Ste. 350
                                           Berkeley, CA  94702
                                           (510) 944-0190

sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
ronw@ruyakcherian.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Luminati Networks Ltd.*

31