**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TESO LT, UAB, METACLUSTER LT, UAB, AND CODE200, UAB, | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 2:20-cv-00073 |
| LUMINATI NETWORKS LTD. AND EMK CAPITAL LLP, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**LUMINATI NETWORKS LTD.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1
II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(2) FOR LACK OF PERSONAL JURISDICTION OVER LUMINATI......................................... 1
III. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS................................................................ 2
    A. Each of Oxylabs' Claims Is Federally Preempted and/or Barred By Noerr-Pennington .. 2
    B. Plaintiffs' Lanham Act Claims Should Be Dismissed For Failure to Satisfy the Pleading Requirements ................................................................................................................... 5
    C. Plaintiffs' False Patent Marking Claim Fails To Satisfy Pleading Requirements And Should Be Dismissed ............................................................................................................ 7
    D. Plaintiffs' Tortious Interference Claims Fail to Satisfy The Pleading Requirements And Should Be Dismissed............................................................................................................ 8
    G. Plaintiffs' Business Disparagement Claim Fails to Meet Pleading Requirements and Should be Dismissed ............................................................................................................. 9
    H. Plaintiffs' Defamation Claim Fails to Meet Pleading Requirements and Should be Dismissed ................................................................................................................................ 9
    I. Plaintiffs' Conspiracy Claim Fails to Meet Pleading Requirements and Should be Dismissed .............................................................................................................................. 10
IV. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Accresa Health LLC v. Hint Health, Inc.*, Civil Action No. 4:18-cv-00536, 2020 U.S. Dist. LEXIS 90064 (E.D. Tex. May 22, 2020) ................................................................................ 9, 10
*Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 499 (1988) .............................. 3
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .......................................................... 4, 10
*Blue Spike, LLC v. Tex. Instruments, Inc.*, No. 6:12-cv-499, 2014 U.S. Dist. LEXIS 50775, at *104 (E.D. Tex. Mar. 13, 2014) ............................................................................................... 2
*Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983) ..................................... 5
*Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985) ................. 6
*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008).. 3
*Duke Univ. v. Akorn, Inc.*, No. 3:18-cv-14035-BRM-TJB, 2019 U.S. Dist. LEXIS 159314, at *24 (D.N.J. Sep. 16, 2019) .................................................................................................... 4, 5
*Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011).... 9
*GP Indus. v. Eran Indus.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007)................................................... 3
*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ......................... 6
*In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011) .................................................... 8
*Main Hastings Llc v. Mettler Elecs. Corp.*, No. 4:10-CV-616, 2011 U.S. Dist. LEXIS 171865, at *4 (E.D. Tex. June 2, 2011) ..................................................................................................... 7
*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus. (PRE)*, 508 U.S. 49, 60-61 (1993) ............................................................................................................................................ 3, 4, 5
*Santander Consumer USA, Inc. v. Zeigler Chrysler Dodge Jeep-Downers Grove, LLC*, No. 3:16-CV-3310-B, 2017 U.S. Dist. LEXIS 98041, at *29-30 (N.D. Tex. June 26, 2017).................... 6
*Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068, at *30 (E.D. Tex. Mar. 9, 2018) .................................................................................... 7
*United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965).................................................... 3
*We-Flex, LLC v. NBSP, Inc.*, 2012 U.S. Dist. LEXIS 58154, at *20 (S.D. Tex. April 25, 2012).. 8
*West v. Quality Gold, Inc.*, No. 5:11-cv-02531-EJD, 2012 U.S. Dist. LEXIS 98700, at *6 (N.D. Cal. July 16, 2012) .................................................................................................................... 6
*Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999) .................................... 6
*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) ............... 2

**Statutes**
Tex. Civ. Prac. & Rem. Code sec. 16.002 ................................................................................... 10

**Rules**
Rule 4(k)(2).................................................................................................................................... 2

I.      INTRODUCTION

Oxylabs' Opposition does not save any of its claims from dismissal.[1] The false marking claim falls far short of Oxylabs particularly pleading allegations of intent to deceive the public. Every other claim in the First Amended Complaint ("Complaint" or "FAC") is preempted and/or barred under the *Noerr-Pennington* doctrine. Oxylabs does not plead allegations sufficient to show that Luminati's litigation against Oxylabs is a sham given the absence of clear and convincing evidence of bad faith. While the Complaint contains false and legally insufficient allegations asserting subjective bad faith motivation, it completely fails to allege facts showing Luminati's lawsuits to be objectively baseless. The Complaint does not, for example, describe *how* Luminati's patents are invalid or not infringed by Oxylabs; nor does it identify any court or tribunal that ever reached such a finding. Instead, despite dismissing its own claims of non-infringement and invalidity in Tesonet I with prejudice, Oxylabs generically refers to documents prepared by its counsel in the course of that litigation, which cannot show objective baselessness by clear and convincing evidence. *Noerr-Pennington* immunity and federal preemption would be reduced to dead letters if the recitals in the Complaint were sufficient to state a claim. For this reason, as well as its other pleading deficiencies, the Complaint should be dismissed in its entirety.

II.     **PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(2) FOR LACK OF PERSONAL JURISDICTION OVER LUMINATI**

Oxylabs concedes in its Opposition that Luminati is not "at home," and not subject to general jurisdiction in this District. Instead, it relies on specific jurisdiction, asserting in a conclusory manner that Luminati "purposefully directed *relevant* activities at residents of the forum." Oppn., at 4–5 (emphasis added). While it is true that Luminati conducts business in Texas,

---

[1] While the Motion to Dismiss ("Motion") was filed only on behalf of defendant Luminati Networks Ltd. ("Luminati"), the deficiencies are sufficiently extensive to be case dispositive.

and would be subject to specific personal jurisdiction for claims arising out of those contacts, the claims in the Complaint are focused on purported "false advertisements and false statements," including false patent marking, tortious interference, business disparagement, and defamation, that were not in a legally relevant sense directed toward Texas. For example, any purported false statements on Luminati's "website [were not] specifically directed to Texas or intended to solicit Texas customers." *Blue Spike, LLC v. Tex. Instruments, Inc.*, No. 6:12-cv-499, 2014 U.S. Dist. LEXIS 50775, at *104 (E.D. Tex. Mar. 13, 2014). Likewise, there is no allegation in the Complaint that the alleged conspiracy has any particularized connection to this forum. Because the particular facts forming the basis of Oxylabs' claims are unrelated to Texas and not purposefully directed toward this state, specific personal jurisdiction is lacking. *Id.*

Oxylabs also asserts jurisdiction pursuant to Rule 4(k)(2). Luminati did not purposefully direct any alleged conduct toward the United States as to the specific claims set forth in the Complaint, and therefore cannot concede jurisdiction in another district court. For instance, the alleged false statements were simply posted by Luminati in Israel on the Internet, not interactively or purposefully directed toward the United States, let alone Texas. *See Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). Nor can the alleged conspiracy be said to specifically target the United States. Because these claims arise solely from actions allegedly taken in another country (Israel) and directed toward the world at large, the appropriate jurisdiction for the claims is in the court of general jurisdiction, *i.e.*, where Luminati is "at home."

### III.  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS

#### A. *Each of Oxylabs' Claims Is Federally Preempted and/or Barred By Noerr-Pennington*

The *Noerr-Pennington* doctrine protects Luminati's ability to enforce its patents barring Oxylabs' claims of unfair competition, false advertising, tortious interference, business

2

disparagement, defamation and conspiracy claims. Oxylabs attempts to assert a narrow exception to *Noerr-Pennington* in the case of sham litigation, which requires that Oxylabs prove (a) the litigation to be "objectively meritless" and (b) the "baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor, through the use [of] the governmental process – as opposed to the outcome of that process – as an anticompetitive weapon." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus. (PRE)*, 508 U.S. 49, 60-61 (1993).

Oxylabs acknowledges that all its claims are preempted and/or barred under the *Noerr-Pennington* doctrine unless bad faith is established. Oppn., at 8-9, 12. "Bad faith includes separate objective and subjective components." *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). The "objectively baseless" component requires that "no reasonable litigant could realistically expect success on the merits." *GP Indus. v. Eran Indus.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007). "Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." *Prof'l Real PRE*, 508 U.S. at 60.

Oxylabs has not plausibly alleged objective bad faith. *Pennington* recognized that the bringing of a lawsuit with an objectively reasonable chance of success—even when undertaken in subjective bad faith—"is not illegal, either standing alone or as part of a broader scheme . . . ." *United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965). The Supreme Court "dispelled the notion that [a party] could prove a sham merely by showing that its competitor's 'purposes were to delay [the plaintiff's] entry into the market and even to deny it a meaningful access to the appropriate . . . administrative and legislative fora.'" *PRE*, 508 U.S. at 59–60.

Even efforts to restrain or destroy competition through lawsuits are wholly immune from liability if the plaintiff had a legitimate possibility of prevailing at the outset of the court proceedings. *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 499 (1988). The

3

objective test for bad faith looks *only* to the "challenged lawsuit's *legal* viability." *Id.* at 61 (emphasis original). "[T]he 'exceptional case' standard under § 284 is less exacting than the *Noerr-Pennington* doctrine's sham litigation carve-out," and piercing *Noerr-Pennington* immunity requires much more extreme conduct than that which would support an award of attorney fees. *Duke Univ. v. Akorn, Inc.*, No. 3:18-cv-14035-BRM-TJB, 2019 U.S. Dist. LEXIS 159314, at *24 (D.N.J. Sep. 16, 2019). Immunity must apply, where there is "a reasonable belief that there is a chance that a claim may be held valid upon adjudication." *PRE*, 508 U.S. at 62–63.

Oxylabs' Complaint fails to allege facts showing objective baselessness. Oxylabs dismissed its invalidity and non-infringement with prejudice in Tesonet I, a concession that Luminati's assertions of infringement of valid patents were not baseless in that case. Oxylabs refers generally to its own opinions of counsel and its position in that case without alleging any supporting facts, which is wholly insufficient.[2] Oxylabs conducts no required independent analyses of objective and subjective bad faith, so it has failed to meet the pleading requirements.

The allegation that lawsuits are "objectively basis" as Oxylabs pleads here is merely a "legal conclusion couched as a factual allegation" that cannot be credited, and must be set aside in a Rule 12(b)(6) analysis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The remaining points above are wholly inapposite to objective baselessness. Oxylabs' citation to letters between the parties and communications from Luminati to third parties also have no relevance to **objective** bad faith (nor do they show subjective bad faith, but that is a separate requirement).

---

[2] Instead of pleading facts, Oxylabs' "bad faith" allegations are as follows: (i) "Luminati knows that its patents do not cover Oxylabs' products and/or are invalid;" (ii) Luminati intends to "deceive the public, customers, and potential customers" and "desire[s] to harm Oxylabs;" (iii) Luminati's lawsuits are "shams" and "objectively baseless;" and (iv) Luminati is "attempting to weaken Oxylabs so that Luminati and EMK may then acquire Oxylabs," or otherwise "take Oxylabs out of business." Compl., at ¶¶ 18, 22–24, 26–27; Oppn., at 11.

4

Indeed, the allegations do no more than refer to Oxylabs' "non-infringement contentions, invalidity contentions, eligibility contentions, expert reports, summary judgment motions, and *Alice* motions," without alleging any facts showing the lawsuits to be meritless. Oppn., at 10. Moreover, the bare fact that Oxylabs took certain positions on infringement and validity in litigation says nothing of the objectively correct legal conclusion. Oxylabs' legal filings are irrelevant – instead, it would need to show that *the Court* found those arguments to be not only correct, but *so obviously correct that any contrary argument is beyond frivolous*, (*Duke Univ.*, 2019 U.S. Dist. LEXIS 159314, at *24), such that "no reasonable litigant could realistically expect success on the merits," (*PRE*, 508 U.S. at 62–63). That is not the case here. As a matter of law, none of the allegations in any way supports, much less allows a plausible inference of, objective baselessness. *PRE*, 508 U.S. at 62–63.

Similarly, none of the purported allegations meet the independently required subjective bad faith show requirement, which would need to show that Luminati was not seeking to enforce its patents through a favorable judgment from the Court. *PRE*, 508 U.S. at 60–61. Oxylabs' own dismissal of its claims of non-infringement and invalidity in Tesonet I shows the opposite. In addition, Oxylabs incorrectly limits *Noerr-Pennington* protection to litigation, but it also extends to patent enforcement activities including publications and cease-and-desist letters. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983). The high bar for piercing *Noerr-Pennington* immunity exists to prevent exactly the sort of claims at issue in this case, and justice would be best served by dismissal before substantial litigation expenses are incurred.

### B. *Plaintiffs' Lanham Act Claims Should Be Dismissed For Failure to Satisfy the Pleading Requirements*

Oxylabs fails to refute the Motion as to the Lanham Act claim. <u>First</u>, Oxylabs failed to plausibly allege objective baselessness, much less subjective bad faith, so the claim must be

dismissed to the extent that it relies upon Luminati's patent enforcement, including notices to customers and alleged infringers. *Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985); *see also Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999) ("a 'patent owner has the right to . . . enforce its patent, and that includes threatening alleged infringers with suit.'" (internal citation omitted)).

Alternatively, the alleged false patent marking is preempted because it lacks required allegations supporting that Luminati acted in objective and subjective bad faith specifically **when it marked its products**. *West v. Quality Gold, Inc.*, No. 5:11-cv-02531-EJD, 2012 U.S. Dist. LEXIS 98700, at *6 (N.D. Cal. July 16, 2012). Though the specific grounds for the Lanham Act claim are not stated (FAC, at ¶¶ 33–38), all of the alleged false statements fall either in the category of patent enforcement or false patent marking, and therefore, Oxylabs must plausibly allege objective baselessness and subjective bad faith to proceed on any of its Lanham Act allegations. It fails to do so, and therefore, dismissal is required.

<u>Second</u>, Oxylabs lacks standing under the Lanham Act for failure to plausibly allege a competitive injury. The Opposition, like the Complaint, points only to a threadbare recital that "Oxylabs has been ***or is likely to be*** injured (including with respect to commercial and competitive injury)," (FAC, at ¶38 (emphasis added); Oppn., at 17), even though Luminati's Motion specifically emphasized the insufficient allegation of competitive injury, (MTD, at 14–15). "Likely to be injured" does not convey standing. Instead, a complaint must set out "a plausible, non-speculative claim for damages," *already incurred*. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011). Oxylabs "has failed to allege any actual damages ascertainable at the time of the litigation . . . ." *Santander Consumer USA, Inc. v. Zeigler Chrysler Dodge Jeep-Downers Grove, LLC*, No. 3:16-CV-3310-B, 2017 U.S. Dist. LEXIS 98041, at *29-30 (N.D. Tex.

June 26, 2017). Oxylabs' reliance on litigation costs cannot show damages; those costs plainly flow from court proceedings and not "anti-competitive conduct," as required under the statute. *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068, at *30 (E.D. Tex. Mar. 9, 2018). Thus, the Lanham Act claims should be dismissed.

### C. *Plaintiffs' False Patent Marking Claim Fails To Satisfy Pleading Requirements And Should Be Dismissed*

Count II related to false patent marking is subject to dismissal for at least three reasons not refuted by Oxylabs: <u>First</u>, the alleged marking is not false. The website statement that "[a]ll Luminati's products are covered by the patents," plainly refers to the patents *collectively* covering the products. FAC, at ¶ 23. Oxylabs' interpretation defies grammar and common usage, as it urges instead that the quoted passage means that **each** of the patents **individually** covers **every** Luminati product. No reasonable person would interpret the passage in that manner. Thus, there is no false marking. Because the patent marking on Luminati's website is accurate, the claim for false patent marking should be dismissed.

<u>Second</u>, Oxylabs does not plausibly allege—much less particularly plead—intent to deceive the public. *Main Hastings Llc v. Mettler Elecs. Corp.*, No. 4:10-CV-616, 2011 U.S. Dist. LEXIS 171865, at *4 (E.D. Tex. June 2, 2011). Powerful evidence of deceptive intent would be necessary to transform the above statement into a deliberate and material falsehood. For instance, substantial and particularized allegations would be required to show that Luminati "knows" the quoted statement is "false," even though it comports with common usage and grammar in describing the patent coverage. But the Amended Complaint contains only the quintessentially rote and conclusory allegation that "Luminati's motivation for false [marking] is to deceive the public, customers, and potential customers." FAC, at ¶ 23. The Opposition concedes this constitutes its support for deceptive intent (Oppn., at 20), which merely confirms the complete absence of

7

substantive allegations on this element of the claim. The Complaint "contains only generalized allegations that Defendants acted with an intent to deceive the public. The Federal Circuit specifically rejected such allegations in *BP Lubricants*." *Tompkins*, 2011 U.S. Dist. LEXIS 102336, at *7 (citing *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011)).

*Third*, the Complaint fails to allege *and particularly plead* competitive injury from the "false" marking. The Opposition confirms that the following conclusory allegation is the only relevant portion of the Complaint: "[Oxylabs] has suffered a competitive injury as a result of Defendants' false patent marking." FAC, at ¶ 41. Such a threadbare recital must be ignored in any Rule 12(b)(6) analysis, much less an analysis under Rule 9(b), which governs allegations of competitive injury. *We-Flex, LLC v. NBSP, Inc.*, 2012 U.S. Dist. LEXIS 58154, at *20 (S.D. Tex. April 25, 2012 (dismissing because a "complaint needs to provide actual instances of cognizable injury, not just a list of potential harms, as well as facts suggesting that the harm claimed was the result of false marking"). "The fact that the parties are in competition and may suffer an injury is not enough to satisfy the new st[anding] requirement; an injury is necessary." *Id.* at n. 46. It is unadorned speculation, *present only in the Opposition* and not the Complaint, that any customer would choose Oxylabs' data center proxies if it correctly understood that Luminati holds two patents on that technology. Oppn., at 21. The claim is clearly subject to dismissal.

**D.** *Plaintiffs' Tortious Interference Claims Fail to Satisfy The Pleading Requirements And Should Be Dismissed*

The arguments in the Opposition do not save either of Oxylabs' tortious interference claims, which are subject to dismissal for at least four reasons: <u>First</u>, the allegations are barred by the *Noerr-Pennington* doctrine, as Oxylabs does not (and cannot) adequately allege objective baselessness and subjective bad faith. There is no independently tortious conduct to support a prospective tortious interference claim, for example, due to *Noerr-Pennington* immunity.

8

*Second*, as the Opposition concedes, both tortious interference claims require plausible allegations that the plaintiff has "suffered actual damage or loss." Oppn., at 21–22. Oxylabs' threadbare recitals of "damage or loss" are insufficient. *Compare* Santander, 2017 U.S. Dist. LEXIS 98041, at *29 (dismissing allegations that the defendant "'caused customer confusion and uncertainty,' 'interfered with Zeigler's ability to successfully maintain ongoing and financially beneficial relationships,' and 'caused reputational harm to Zeigler.'"). Oxylabs "has failed to allege any actual damages ascertainable at the time of the litigation . . . ." *Id.*

*Third*, the threadbare recitals that Luminati "willfully and intentionally" interfered with existing or prospective contracts cannot be credited. Nothing in the Complaint plausibly suggests that Luminati's specific intent was to injure Oxylabs. These claims are subject to dismissal.

### G. *Plaintiffs' Business Disparagement Claim Fails to Meet Pleading Requirements and Should be Dismissed*

The Opposition fails to remedy the pleading deficiencies in its business disparagement claim, which is subject to dismissal for at least two reasons: *First*, the claim is barred by *Noerr-Pennington* immunity as discussed above. *Second*, like the competitive injury claim, the allegations of special damages are non-specific ("lost revenues and profits"), generic (from "customers and/or business partners"), purely speculative, and thus, legally insufficient. *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011).

### H. *Plaintiffs' Defamation Claim Fails to Meet Pleading Requirements and Should be Dismissed*

Oxylabs' defamation claim is subject to dismissal, *first,* because of federal preemption and *Noerr-Pennington* immunity, and *second*, for failure to specifically identify and plead the allegedly defamatory statement(s). Oxylabs attempts to address its failure to *specifically* plead the defamatory statement(s) by pointing *generally* to 13 wide-ranging paragraphs of the Complaint. Oppn., at 26. This is insufficient as a matter of law. *Accresa Health LLC v. Hint Health, Inc.*, Civil

9

Action No. 4:18-cv-00536, 2020 U.S. Dist. LEXIS 90064, at *15-16 (E.D. Tex. May 22, 2020) ("[A] defamation claim must also 'state the time and place of the publication.'") (citation omitted). Furthermore, the statute of limitations for defamation is just one year (Tex. Civ. Prac. & Rem. Code sec. 16.002), yet most of the conduct described in the 13 paragraphs identified in the Opposition (Oppn., at 26) and thus is time-barred. The defamation claim in the Complaint also lacks legally required specificity, and the Court should order dismissal.

### I. *Plaintiffs' Conspiracy Claim Fails to Meet Pleading Requirements and Should be Dismissed*

While the Motion is only filed on Luminati's behalf, it is clear that Defendants' conspiracy claim should similarly be dismissed for at least several reasons: *First*, the claim is both preempted and barred by the *Noerr-Pennington* doctrine. *Second*, as with the competitive injury discussed above, Oxylabs fails to specifically plead that it suffered any cognizable injury from the alleged conspiracy. *Third*, the allegation that Luminati operates at EMK's "control and direction" is insufficient to plausibly allege a meeting of the minds for conspiracy, both under the intra-enterprise conspiracy doctrine, and under *Twombly*. 550 U.S. at 565, n.10 (requiring the specific time, place or persons involved in the alleged agreement(s)). Also, EMK's involvement as board members would not support conspiracy but rather just would confirm that the alleged actions were simply actions of Luminati. *Fourth*, the Complaint fails to allege any *unlawful*, overt acts taken by the alleged conspirators. The claim should be dismissed.

### IV. CONCLUSION

For the reasons provided above, Luminati respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Amended Complaint in its entirety under Rule 12(b)(2) or 12(b)(6), or in the alternative, order a more definite statement addressing the above deficiencies under 12(e).

| | |
|---|---|
| Dated: September 18, 2020 | By: */s/ Korula T. Cherian*<br>Mark Mann<br>Mann \| Tindel \| Thompson<br>300 West Main<br>Henderson, TX 75652<br>mark@themannfirm.com<br>Office 903-657-8540<br>Cell 903-658-0401<br>Marshall Office 903-472-4294<br>Tyler Office 903-596-0900<br>Waco Office 254-776-3336<br><br>Korula T. Cherian<br>Robert Harkins<br>CA State Bar No. 179525<br>RuyakCherian LLP<br>1936 University Ave, Ste. 350<br>Berkeley, CA 94702<br>(510) 944-0190<br>sunnyc@ruyakcherian.com<br>bobh@ruyakcherian.com<br><br>Ronald Wielkopolski<br>RuyakCherian LLP<br>1901 L St. NW, Suite 700<br>Washington, DC 20036<br>ronw@ruyakcherian.com<br><br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, LLP<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: 903-845-5770<br>ccapshaw@capshawlaw.com<br>ederieux@capshawlaw.com<br><br>*Attorneys for Defendant Luminati Networks Ltd*. |