IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Teso LT, UAB, Metacluster LT, UAB, and Code200, UAB,<br><br>Plaintiffs,<br><br>v.<br><br>Bright Data Ltd. and EMK Capital LLP,<br><br>Defendants. | Civil Action No. 2:20-cv-00073<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

### MOTION TO COMPEL BRIGHT DATA TO PROVIDE DISCOVERY

Plaintiffs Teso LT, UAB, Metacluster LT, UAB, and Code200, UAB (collectively, "Oxylabs") file this Motion to Compel Defendant Bright Data Ltd. ("Bright Data") to Provide Discovery (the "Motion"), and respectfully show as follows:

**Document Production.** On the eve of the close of fact discovery, Bright Data's document production remains severely deficient. Rather than simply deem its document productions in the parties' past and co-pending patent cases (*Tesonet*, *Teso*, and *Code200*) produced in this case (as Oxylabs did),[1] Bright Data insisted on reproducing certain documents from those cases

---

[1] Oxylabs has produced or deemed produced approximately 50,000 documents in this case. Oxylabs deemed its document productions from the following cases produced in this case, as the claims and defenses in this case implicate the productions from those cases and the Court's Discovery Order requires the parties to produce all relevant documents: (i) *Luminati Networks Ltd. v. UAB Tesonet*, Case 2:18-cv-00299-JRG (E.D. Tex.) ("*Tesonet*"); (ii) *Bright Data Ltd. v. Teso LT, UAB et al.*, Case 2:19-cv-00395-JRG (E.D. Tex.) ("*Teso*"); *Bright Data Ltd. v. Code200, UAB et al.*, Case 2:19-cv-00396-JRG (E.D. Tex.) ("*Code200*").

1

while at the same time withholding key documents, including documents on Oxylabs' trial exhibit list from the *Teso* case. Bright Data has provided a list to Oxylabs of the *Teso* exhibits it has withheld from production, and numerous documents withheld from production are directly relevant to the parties' claims and defenses in this case, including Oxylabs' unfair competition, false advertising, tortious interference, defamation, and disparagement claims. The withheld *Teso* exhibits are similarly relevant to Bright Data's *Noerr-Pennington* defense. The Court should require Bright Data to produce all of its documents found on the *Teso* exhibit list.

Other document deficiencies exist. Bright Data has not completed its production of relevant documents, including but not limited to documents responsive to the following Oxylabs document requests:

- First Letter Request: RFP Nos. 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17. *See* **Ex. A**.

- Second Letter Request: RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14. *See* **Ex. B**.

These categories of documents are relevant, as they relate to: (i) Oxylabs' claims for unfair competition, false advertising, tortious interference, disparagement, and defamation; (ii) Bright Data's counterclaims (for disparagement and defamation);[2] and/or (iii) Bright Data's *Noerr-Pennington* defense (i.e., Bright Data's defense that it was authorized to accuse Oxylabs

---

[2] In correspondence, Bright Data has asserted that it need not deem its *Tesonet*, *Teso*, and *Code200* documents produced in this case as the claims in those cases are unrelated to the claims in this case. Oxylabs disagrees. Bright Data asserts claims in the *Teso* case and this case premised on the "DarkSideofLuminati" and "Bust the Bully" websites. Further, in both this case and *Teso*, Bright Data asserts the same *Noerr-Pennington* defense. And Bright Data's e-mail requests in this case hit on *thousands* of e-mails implicated in the parties' patent cases, thus demonstrating the overlapping nature of the parties' claims and defenses.

and Oxylabs' partners of infringement as Bright Data reasonably believed that Oxylabs infringed its patents).[3]

Oxylabs respectfully requests an order from the Court requiring Bright Data to complete its document production and allowing Oxylabs to re-depose Bright Data's witnesses on the documents that Bright Data did not timely produce.

**Interrogatory Responses.** Bright Data's responses to the following interrogatories[4] are deficient:

- **Interrogatory No. 1 (explanation for how the Marked Products are covered by the Marked Patents):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Interrogatory No. 1 requests that Bright Data explain how the Marked Products are covered by the Marked Patents, including by providing a claim chart showing, on an element-by-element and patent-by-patent basis, how the Marked Patents cover the Marked Products. Bright Data, however, refuses to address the majority of its Marked Patents and Marked Products, and refuses to provide any claim chart.

- **Interrogatory No. 4 (identification of communications stating or implying that Oxylabs infringes Bright Data's patents):** Bright Data has unilaterally determined that it "does not believe it appropriate to request a list of responsive documents" so

---

[3] To date, Bright Data has produced about 5,500 documents, much of which appear to be Bright Data public marketing materials or patent-prosecution documents. Bright Data's co-defendant (and corporate affiliate) EMK has produced no documents. Bright Data did not begin producing its documents until April 6, 2021, leaving Oxylabs with little time to review Bright Data's documents prior to the April 22, 2021 close of fact discovery. Bright Data refused to agree to Oxylabs' request for a short extension to the discovery deadline so that Oxylabs could review Bright Data's documents with sufficient time before having to take depositions.

[4] The full text of the relevant interrogatories is included in **Exhibit C**.

Bright Data has only identified two press releases and a handful of documents in response to the interrogatory. But these statements are at the heart of this case. The Court should require Bright Data to provide the requested information.

- **Interrogatory No. 6 (identification of communications wherein ███████ ████████████████████████████████████):** Here again, Bright Data lodges meritless objections then directs Oxylabs to a handful of documents found within five Bates ranges. Because the responsive communications are directly relevant to Oxylabs' claims, the Court should compel Bright Data to identify all of them.

- **Interrogatory No. 7 (Bright Data communications regarding ███████ ██████████████):** ██████████████████████████████████████████████████████████████████████ ██████████████████████████ In response, Bright Data identified 2 pages of documents. It is simply not credible that these are the only 2 pages of responsive documents.

- **Interrogatory No. 8 (communications with third parties ███████ ██████████████):** ██████████████████████████████████████████████████████████████████████ ██████████████. This interrogatory thus seeks directly relevant information. But Bright Data only identified 9 pages of responsive documents. Because it is not credible to believe that these 9 pages of documents fully answer the interrogatory, the Court should direct Bright Data to substantively and completely answer the interrogatory.

- **Interrogatory No. 11 (statement that Bright Data is the "only IP proxy network that requires consent from its residential peers and has strict KYC rules"):** This (false) statement was made in a Frost & Sullivan report, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Bright Data refuses to answer the interrogatory, claiming that Oxylabs should request the information from Frost & Sullivan. This is an improper response.

- **Interrogatory No. 12 (**▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**"):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

- **Interrogatory No. 16 (identification of reports or materials shared with third parties regarding** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**):** This interrogatory requests that Bright Data identify reports, materials, or publications that it shared with third parties concerning Oxylabs or those associated with Oxylabs. Bright Data refused to provide a substantive answer to the interrogatory.

- **Interrogatory No. 17 (identification of research or investigations commissioned, conducted or received by Bright Data or EMK relating** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**):** Similar to Interrogatory No. 16, this interrogatory seeks the identification of research or investigations conducted or received by Bright Data and its corporate affiliate EMK concerning Ox-

ylabs and others associated with Oxylabs. Here again, Bright Data refused to provide a substantive answer to the interrogatory.

- **Interrogatory No. 18 (**████████████████████████████████████████████████████████████████████████████████████████████████**):** ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Bright Data refused to provide any substantive response to the interrogatory.

- **Interrogatory No. 21 (**████████████████████████████████████████████████████████████████████████████████████████**):** Bright Data seeks damages against Oxylabs for alleged acts of disparagement and defamation, including "general damages for reputational harm" and "lost profits." ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The Court should overrule this objection and require a substantive response to the interrogatory.

The Court should also allow Oxylabs to re-depose Bright Data's witnesses once Bright Data provides the information requested by the interrogatories addressed above.

**Expert Reports.** Bright Data has refused to consent to Oxylabs' use of Oxylabs' non-infringement and invalidity expert reports from the *Tesonet*, *Teso*, and *Code200* cases in this case (to the extent that Bright Data's consent is necessary for Oxylabs to use such reports).[5] These reports explain in detail why Oxylabs does not infringe seven Bright Data patents and why such patents are invalid. As such, they are relevant to this case, and the Court should either require Bright Data to produce them or deem them produced in this case.

**E-Mail Production Requests:** Bright Data and Oxylabs served limited e-mail discovery requests on one another on April 9, 2021 (e.g., Oxylabs selected 3 e-mail custodians and provided 5 keyword searches). To date, Bright Data has not produced any e-mails, while at the same time insisting that Oxylabs take Bright Data's witnesses' depositions during the week of April 19. Oxylabs requests an order from the Court requiring Bright Data to complete its e-mail production and allowing Oxylabs to re-depose Bright Data's witnesses on the e-mails that Bright Data did not timely produce before the depositions.

\* \* \* \* \*

For these reasons, Oxylabs respectfully requests that the Court grant this Motion.

---

[5] Oxylabs served an expert-report disclosure on Bright Data indicating that Oxylabs intends to rely on such reports in this case.

Dated: April 15, 2021

Respectfully submitted,

/s/ Craig Tolliver

MICHAEL C. SMITH
  Texas State Bar No. 18650410
  michaelsmith@siebman.com
**SIEBMAN, FORREST,**
**BURG & SMITH LLP**
113 East Austin Street
Marshall, Texas 75671
Telephone: (903) 938-8900
Telecopier: (972) 767-4620

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
MARTIN C. ROBSON
 Texas State Bar No. 24004892
  mrobson@ccrglaw.com
CRAIG TOLLIVER
  Texas State Bar No. 24028049
  ctolliver@ccrglaw.com
GEORGE T. "JORDE" SCOTT
  Texas State Bar No. 24061276
  jscott@ccrglaw.com
MITCHELL SIBLEY
  Texas State Bar No. 24073097
  msibley@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB*

8

## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 7, 2021 and April 15, 2021, I met and conferred by telephone with counsel for Defendant Bright Data Ltd. (Mr. Harkins (April 7, 15), Mr. Wielkopolski (April 7, 15), Mr. Cherian (April 15), Ms. DeRieux (April 15)) regarding the Bright Data discovery at issue with this motion. Bright Data opposes the relief requested herein. Discussions have conclusively resulted in an impasse leaving an open issue for the Court to resolve.

STEVEN CALLAHAN

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document was filed under seal pursuant to the Court's Protective Order.

STEVEN CALLAHAN

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 15, 2021. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). The foregoing document has also been served by e-mail on Bright Data's counsel, Sunny Cherian, Esq., and on EMK's counsel, R. Christopher Bunt, Esq. by e-mail on April 15, 2021.

STEVEN CALLAHAN