UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TESO LT, UAB, METACLUSTER LT, UAB, AND CODE200, UAB<br><br>      Plaintiffs,<br><br>    v.<br><br>BRIGHT DATA LTD., AND EMK CAPITAL LLP,<br><br>      Defendants. | Case No.  2:20-CV-00073-JRG<br><br>▇▇▇▇▇▇▇▇<br><br>JURY TRIAL DEMANDED |

# BRIGHT DATA'S OPPOSED MOTION TO
# COMPEL DISCOVERY

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 5 |
| | A. Oxylabs Should Be Compelled to Provide Substantive Responses to the Interrogatories | 5 |
| | B. Oxylabs Should Be Compelled to Produce the Documents Related to the Interrogatories | 7 |
| | C. Oxylabs Should Be Compelled to Produce Electronic Discovery in Response to the Exchanged Requests | 7 |
| V. | CONCLUSION | 7 |

# **TABLE OF AUTHORITIES**

**Cases**

*Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595 (5th Cir. 2001) ................................................. 3

*Crowe v. Smith*, 261 F.3d 558 (5th Cir. 2001) ............................................................................... 5

*Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259 (W.D. Tex. 2006) .......................................... 3

*Herbert v. Lando*, 441 U.S. 153 (1979) ......................................................................................... 3

*Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841 (5th Cir. 2000) ....................................... 3

*Lelsz v. Kavanagh*, 137 F.R.D. 646 (N.D. Tex. 1991) .................................................................. 5

*Mayes v. Simpson*, 2016 WL 8223976 (E.D. Tex. Jan. 12, 2016) ................................................. 4

*Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 3 2016) .................................................................................................................... 4

*Virtual Fleet Mgmt. v. Land Air Sea Sys.*, No. 2:16-CV-01108-JRG, 2017 U.S. Dist. LEXIS 231873 (E.D. Tex. Nov. 29, 2017) ...................................................................... 3, 4, 5

*Washington v. M. Hannah. Const. Inc.*, 299 Fed App'x 399 (5th Cir. 2008) ................................ 4

*Weatherford Tech. Holdings v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 U.S. Dist. LEXIS 239350 (E.D. Tex. Apr. 27, 2018) ......................................................................... 3

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 4

Federal Rule of Civil Procedure 37(a)[(3)(B)(iii) and (iv) ......................................................... 3, 4

## I.   INTRODUCTION

As addressed in Bright Data's April 6, 2021 deficiency letter ("Deficiency Letter"), Plaintiffs Teso LT, UAB, Metacluster LT, UAB and Code200, UAB (collectively "Oxylabs") have refused to respond to the most basic interrogatories ("ROGs") underlying Bright Data's defenses and counterclaims. *See* Ex. A.[1] At issue in this case are Oxylabs' claims of unfair competition and false advertising under the Lanham Act, false patent marking, tortious interference with existing contract and prospective relations, business disparagement, and defamation and Bright Data's counterclaims of defamation and business disparagement.

 the factual support for Oxylabs' claims, including for example identification of the agreements with the customers and prospective customers before and after the above press release.[2]

Among other deficiencies, Oxylabs refused to provide substantive answers to Interrogatory Nos. 5, 14, 15, 16, 17, 18, 24 "seeking for example: (a) identification of Oxylabs' customers; (b) communications with third-parties regarding Bright Data; (c) advertisements

---

[1] ███████████████████████████████████████. Prior to settlement of the Tesonet Case, Bright Data had filed two additional patent infringement suits that are currently pending against Teso, Metacluster and/or Code200 and their sister company Oxylabs, LT, UAB in *Bright Data Networks Ltd. v. Teso LT UAB, et al.*, No. 2:19-cv-395-JRG ("Teso Action") and *Bright Data Networks Ltd. v. Code200, UAB, et al.*, No. 2:19-cv-396-JRG ("Code200 Action") (collectively, with the *Tesonet* Action "Patent Litigation").

[2] Oxylabs served a responsive letter following the meet and confer on April 15, 2021, but that letter did not address the deficiencies that are the subject of this motion and confirmed that Oxylabs seeks to rely upon Bright Data protected materials from the Patent Litigation.

referencing Bright Data; (d) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇ (e) the identification of Oxylabs employees involved in advertisements identified in response to ROG Nos. 14-16; (f) the decision making behind the publication of the advertisements identified in ROG Nos. 14-15; and (g) the identification of all agreements between Oxylabs and the entities identified in response to ROG Nos. 5, 14, and 17." Ex. A at 1.

Without substantive responses identifying the above discovery, Bright Data cannot identify what if any relevant documents corresponding to the discovery sought in the above interrogatories have been produced. Accordingly, Bright Data respectfully requests that Oxylabs be compelled to (a) provide substantive responses to Interrogatory Nos. 5, 14, 15, 16, 17, 18, 24, (b) produce the documents relevant to these interrogatories including the documents to be identified; and (c) produce electronic discovery responsive to requests exchanged on Friday April 9, 2021 per the agreement of the parties.

## II.   BACKGROUND

Plaintiffs' Amended Complaint was filed on August 13, 2020. Dkt. No. 14. Bright Data filed an Answer and Counterclaims against Plaintiffs on December 29, 2020. Dkt. No. 33. The Counterclaims allege, for example, that Plaintiffs have engaged in a multifaceted campaign directed toward Bright Data's "customers and prospective customers seeking to harm Luminati's business relationships." *Id.* at ¶ 108. Plaintiffs filed a Motion to Dismiss the Counterclaims on the basis that Bright Data cannot prove damages. Dkt. No. 34, at 7–10.

At the same time, Plaintiffs have not provided substantive responses to a number of interrogatories. *See* Ex. A, at 2–4. For example, Oxylabs did not provide a substantive response identifying its services, customers and related revenue and profit information in response to ROG 5. Oxylabs similarly refused to "[i]dentify all communications … between [you and third parties

referencing Luminati, Luminati's patents, Luminati's [sic] products, or litigation involving Luminati" or "[i]dentify all advertisements, including webpages . . . referencing Luminati . . . ." in response to ROG Nos. 14 and 15. *Id.* at 2. Instead of providing a substantive response or directing Bright Data to specific documents under FRCP 33(d), Plaintiffs repeat the same objections that ████████████████████████ Plaintiff similarly refused to identify the employees, agents, and other third parties involved in the advertisements or the decision making behind the advertisements. ROG Nos. 17 and 18. Oxylabs also refused to explain its efforts or failure to correct the statements that were the subject of the April 8, 2020 Order. ROG No. 16. Finally, in response to ROG No. 24, Oxylabs refused to identify the agreements between Oxylabs and the entities identified in response to ROG Nos. 4, 5, 14, 15, 17, and 23.

### III.  LEGAL STANDARD

"The rules of discovery are accorded a broad and liberal application to affect their purpose of adequately informing litigants in civil trials." *Weatherford Tech. Holdings v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 U.S. Dist. LEXIS 239350, at *3 (E.D. Tex. Apr. 27, 2018) (citing *Herbert v. Lando*, 441 U.S. 153, 176, (1979)). "A district court has broad discretion in all discovery matters . . . ." *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). "The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable." *Virtual Fleet Mgmt. v. Land Air Sea Sys.*, No. 2:16-CV-01108-JRG, 2017 U.S. Dist. LEXIS 231873, at *11 (E.D. Tex. Nov. 29, 2017); *see also Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("Federal Rule of Civil Procedure 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery.").

3

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "The moving party bears the burden of showing that the materials and information sought are 'relevant to any party's claim or defense' or 'appear[ ] reasonably calculated to lead to the discovery of admissible evidence.'" *Virtual Fleet*, 2017 U.S. Dist. LEXIS 231873, at *11 (quoting Fed. R. Civ. P. 26(b)(1)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive." *Id.*; *see also Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223, at *4 (N.D. Tex. Oct. 13, 3 2016) ("It is fundamental that the party resisting discovery must specifically show how each discovery request is irrelevant or otherwise objectionable.").

"Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, the court must, after providing an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, unless the movant failed to attempt in good faith to obtain the discovery without court intervention, the non-disclosure was substantially justified, or other circumstances make such an expense award unjust." *Washington v. M. Hannah. Const. Inc.*, 299 Fed App'x 399, 402 (5th Cir. 2008); *see also Mayes v. Simpson*, 2016 WL 8223976, at *3 (E.D. Tex. Jan. 12, 2016) (noting that the award of expenses is mandatory).

In addition to the mandatory award of expenses, "[t]he Court's inherent power to control the judicial process includes the power to impose a sanction for 'bad faith conduct in litigation.'"

4

*Virtual Fleet*, 2017 U.S. Dist. LEXIS 231873, at *11 (quoting *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). "A district court is obliged to act against improper conduct occurring in any proceeding before it." *Id.* at *9 (citing *Lelsz v. Kavanagh*, 137 F.R.D. 646, 653 (N.D. Tex. 1991)).

IV. **ARGUMENT**

    A. **Oxylabs Should Be Compelled to Provide Substantive Responses to the Interrogatories**

As addressed above, ROG Nos. 5, 14, 15, 16, 17, 18, and 24 are plainly relevant to the claims and defenses in this case. Ex. A. These interrogatories seek discovery including for example (a) identification of Oxylabs' customers; (b) communications with third-parties regarding Bright Data; (c) advertisements referencing Bright Data; (d) Oxylabs' efforts to correct false and misleading publications including in response to the Order granting sanctions in the *Tesonet* Action; (e) the identification of Oxylabs employees involved in advertisements identified in response to ROG Nos. 14-16; (f) the decision making behind the publication of the advertisements identified in ROG Nos. 14-15; and (g) the identification of all agreements between Oxylabs and the entities identified in response to ROG Nos. 5, 14, and 17. Ex. A at 1. Plaintiffs' refusal to substantively respond to the Interrogatories is therefore meritless. Plaintiffs have not (and cannot)—as they are bound to do under Rule 26—demonstrate that each of the relevant Interrogatories pertains only to irrelevant documents and information. *See Virtual Fleet*, 2017 U.S. Dist. LEXIS 231873, at *11.

In order to prove the counterclaims and related defenses, Bright Data must have information about particular false advertisements or public statements, the recipients of those materials, and the customers or contracts related to those materials. For example, in the *Tesonet* Action, Teso and Metacluster were sanctioned upon the Court's finding that "Teso has engaged

in intentional misrepresentations and mischaracterizations via half-truths that violated the terms and spirit of the confidential settlement that resolved [the *Tesonet* Case]." Order at 2. ▮

▮

▮

▮

▮

▮ .

Plaintiffs filed this case in retaliation for Bright Data's patent litigation, but apparently do not intend to actually participate in meaningful discovery. Instead, Plaintiffs have produced merely 108 documents in this case that they deem relevant to the numerous counts between the Parties here. To cover that deficiency, Plaintiffs unilaterally deemed as produced the discovery from the Patent Litigation produced. However, Plaintiffs merely seek the appearance of compliance confident that any relevant documents are well buried. As shown in the Deficiency Letter, instead of providing substantive responses, Oxylabs repeatedly asserts ▮

▮

▮ However, rather than justify Oxylabs' failure to respond, it shows why Plaintiffs refusal to identify relevant documents in response to Bright Data's interrogatories is particularly egregious.

Plaintiff's general references to discovery from the Patent Litigation[3] is wholly insufficient as that discovery is clearly different than the discovery at issue here. Plaintiffs cannot simply forego their discovery obligations in this case by "deeming" discovery in other

---

[3] As made clear in Bright Data's objections on page 4 of the Deficiency Letter and conceded by Oxylabs in their response such discovery is subject to different protective orders and Oxylabs is not authorized to produce either Bright Data or third-party protected materials in this case, whether by themselves or as incorporated in Oxylabs' expert reports and other materials.

cases as produced in this case. As in the usual course, Plaintiffs are obligated to actually examine the evidence and substantively respond to the propounded discovery requests.

### B. Oxylabs Should Be Compelled to Produce the Documents Related to the Interrogatories

Given that Oxylabs has failed to provide responsive interrogatory responses identifying documents as discussed above, Bright Data is unable to determine whether Oxylabs has actually produced such documents relevant to the parties' claims and defenses. Consequently, in addition to substantive responses to Bright Data's interrogatories, Bright Data also requests the production of documents related to the above interrogatories including the documents that should be identified in response to those interrogatories. This would include as a non-limiting example, ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████.

### C. Oxylabs Should Be Compelled to Produce Electronic Discovery in Response to the Exchanged Requests

As a result of Oxylabs' delay in prosecuting this case, the parties only exchanged e-discovery requests on Friday 9, 2021, which is currently being collected. Bright Data requests that Oxylabs be compelled to produce this discovery to the extent that it is not timely produced.

### V. CONCLUSION

For the foregoing reasons, Bright Data respectfully requests that the Court grant relief compelling Plaintiffs to (a) provide substantive responses to Interrogatory Nos. 5, 14, 15, 16, 17, 18, 24, (b) produce the documents relevant to these interrogatories including the documents to be identified; and (c) produce electronic discovery responsive to requests exchanged on Friday April 9, 2021 per the agreement of the parties. Bright Data also requests any other relief the Court deems appropriate, including Plaintiff's fees and costs associated with this motion.

Dated:  April 15, 2021                              Respectfully submitted,

By: */s/ Ronald Wielkopolski*

Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
ronw@ruyakcherian.com

S. Calvin Capshaw
Elizabeth L. DeRieux
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
Telephone: 903-657-8540
mark@themannfirm.com

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94704
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

*Attorneys for Defendant
Bright Data Ltd.*

-1-

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of April, 2021, with a copy of this document via electronic mail.

/s/ Ronald Wielkopolski

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal being filed concurrently with this brief.

/s/ Ronald Wielkopolski

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the parties have complied with Local Rule CV-7(h).  The meet and confer process regarding the motion to compel included a letter from Bright Data to Oxylabs, dated April 6, 2021 (Exh. A), and multiple e-mails.  Further email and lead and local telephonic conference has also taken place on these matters on April 15, 2021 with Sunny Cherian, Bob Harkins, Ron Wielkopolski and Elizabeth DeRieux on behalf of Bright Data and Steven Callahan and Michael Smith on behalf of Plaintiffs.  The parties have been unable to come to an agreement and are at an impasse.  Plaintiffs oppose this motion.

/s/*Ronald Wielkopolski*